By the Court—
Brown, C. J.,
delivering the opinion.
The Act of 1858, amendatory of the charter of the city of Albany, authorized the Mayor and Council to levy such taxes as may be necessary for the support of said City government, and in such a way, as shall be deemed by them to operate most equally . on all the citizens and property within the corporate limits of said city. An Ordinance of the city declares *23 “that the sum of one dollar be imposed on each and every horse or mule offered and sold within the city by or belonging to horse or mule drovers.” The 27th Section of the first Article of the new Constitution of the State provides that “taxation on property shall be ad valorem only, and uniform on all species of property taxed.”
We hold that the Statute of 1858 must yield to this provision of the Constitution, and must not be construed to confer upon the city authorities any power of taxation not possessed by the General Assembly over the property .of the State. A tax upon the sale of horses or mules, or upon horses or mules sold, is a tax on property; and the Legislature *has power to impose or authorize the authorities of a city to impose a tax upon all such sales made by drovers, as they are a distinct class of traders,' engaged in a distinct business or trade. But it must be imposed ad valorem. A tax of a certain sum on each horse or mule sold, is not an ad valorem tax, as one of these animals may be worth $100 00 and another $500 00. A tax imposed by the Mayor and Council of Albany, of a definite sum, on .each $100 00 of the 'value of all horses or mules, under the protection of the city government, and sold within its limits, would be a legal tax. As the city authorities had no right to impose the specific tax in question, the judgment of the Court below must be reversed.