## Ex Parte J. F. Jones.

### No. 1707. Decided December 22, 1897.

**1.  Constitutional Law—Occupation Tax—Uniformity in—Peddlers.**

Section 1, article 8, of the Constitution, declares that "taxation shall be equal and uniform." Held, the twenty-first section of the Occupation Tax Law (Called Session 25th Leg., p. 49), amending article 5049, Revised Statutes, levying an occupation tax on peddlers, is obnoxious to said constitutional provision, in that by its proviso it exempts from the operation of the law blind, deaf and dumb persons, wounded persons, and ex-soldiers who are incapacitated to do manual labor.

**2.  Same—Class Legislation.**

The said section 21 of said act of the Twenty-fifth Legislature, Called Session, is also obnoxious to the provisions of article 8, section 2, of the Constitution, which declares that "all occupation taxes shall be equal and uniform upon the same class

of subjects within the limits of the authority levying the tax," inasmuch as said act exempts from taxation and constitutes certain classes therein named privileged classes, who are authorized to pursue the occupation of peddling without paying a tax or procuring a license.

**3. Same.**

Said section 21 is also obnoxious to the provisions of the Bill of Rights, article 1, section 3, which also inhibits all class legislation.

Appeal from the County Court of Tarrant. Tried below before Hon. J. S. DAVIS, Special Judge.

Appellant, J. F. Jones, was arrested by S. P. Clark, sheriff of Tarrant County, Texas, on the 7th day of October, 1897, on a capias issued out of the County Court of said county, based upon a complaint and information filed in said court on said date charging relator with the offense of pursuing the occupation of a peddler with two horses in said county after the 20th day of September, 1897, without having paid his occupation tax as such peddler.

He applied for and obtained a writ of habeas corpus on said day from the Hon. George W. Armstrong, judge of said county court, returnable on the 8th day of October, 1897. On hearing thereof relator was denied relief and was remanded to the custody of said sheriff, to which action of the court he gave notice of appeal to the Court of Criminal Appeals of the State of Texas.

*Bowlin & Scott*, for relator.—Relator contends that the act in question is unconstitutional and void, as not being equal and uniform, for the following reasons:

1. The act taxes all peddlers alike according to the number of animals used without regard to the value of the animals or the vehicle used, and without regard to the amount of business done by the peddler.

2. It taxes all peddlers using boats alike, without regard to the character of the boats or the amount of business done by the peddler.

3. It does not appear to tax peddlers using more than two horses or more than two yoke of oxen.

4. It exempts from the payment of such occupation tax, blind, deaf, and dumb persons, wounded persons who have lost a hand or foot, all ex-confederate and ex-federal soldiers who from old age or other cause are incapacitated to do and perform manual labor, who are actual residents of the State of Texas, and are not inmates of any soldiers' home or drawing any pension from the United States or any State government, and traveling vendors of poultry, etc., if raised or produced by the vendor or his family. Const. 1876, art. 8, secs. 1, 2, 19; Id., Bill of Rights, sec. 3; Acts Called Session 25th Leg., p. 51, subdiv. 21; Palace Car Co. v. State of Texas, 64 Texas, 274; Blessing v. Galveston, 42 Texas, 640; Altgelt v. San Antonio, 81 Texas, 436; Austin v. Gas Co., 69 Texas, 187; Norris v. Waco, 57 Texas, 635; Cool. on Tax., ed. 1876, 128, 130, 138, 139, 153; 1 Desty on Tax., pp. 94, 95, 122, 191, 192, 193; Durachs Appeal, 62 Pa. St., 494; Fletcher v. Oliver, 25 Ark., 289; State v. Parker, 32 N. J., 426, 435;

Insurance Co. v. State, 5 W. Va., 349; Slaughter v. Commonwealth, 13 Grat., 767; State v. Charleston, 12 Rich., 702, 732; O'Neal v. Bridge Co., 18 Md., 1, 23; Lin Sing v. Washburn, 20 Cal., 534; Sims v. Jackson, 22 La., 440; Livingstone v. Albany, 41 Ga., 21; State v. Endom, 23 La., 663; Sutton's Heirs v. Louisville, 5 Dana, 28; State v. Indianapolis, 69 Ind., 379; Hanna v. Allen Co., 8 Blackf., 352.

*Mann Trice*, Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—Applicant was arrested on an information based on a complaint filed in the County Court of Tarrant County, charging him with pursuing the occupation of a peddler with two horses without first having paid the occupation tax due thereon. The criminal proceeding was under article 5049, subdivision 21, of the Act of the Twenty-fifth Legislature. See Laws 25th Leg., Sp. Sess., p. 49. Applicant sued out a writ of habeas corpus before the county judge. The case was tried before him and relator remanded; and from this action of said County Court he prosecutes this appeal.

The statement of facts shows that relator was regularly arrested on a warrant issued out of the County Court of Tarrant County on a complaint and information filed in said court, charging relator, in legal form, with the offense of pursuing the occupation of a peddler without a license, or without having paid his occupation tax as such peddler in the county of Tarrant and State of Texas. Said applicant had been engaged in the business of peddling vegetables, fruits, chickens, etc., in and about Fort Worth, for a number of years, using two horses and a wagon in such business; that he would buy such articles so peddled by him on the market, and peddle them out daily from house to house, throughout the city of Fort Worth; that neither the applicant nor his family raised or produced the articles so peddled by him; that, when the new occupation tax law went into effect, applicant refused to pay his occupation tax, and continued peddling as before, until his arrest, on the 2d of November, 1897.

The contention of appellant is that subdivision 21 of the occupation tax law of the Twenty-fifth Legislature is unconstitutional. Said subdivision or section is as follows: "Subdivision 21. From every foot peddler, five dollars in each county in which he peddles. For every peddler with one horse or one pair of oxen, the sum of fifteen dollars in each county where he peddles; for every peddler with two horses or two pair of oxen, thirty dollars in each county in which he may pursue such occupation; for every peddler with sail or other boat in streams or along the coast or bays of this State, thirty dollars in each county in which he may pursue such occupation: provided, that any blind, deaf and dumb, or any wounded person who has lost a hand or foot shall not be required to pay any tax for peddling; provided, that all ex-confederate and ex-federal soldiers who, from old age or other cause, may be incapacitated to do and perform manual labor, and who are actual residents of the State of Texas, and are not inmates of any soldiers' home, or drawing any pension

from the United States or any State government, be and are hereby exempted from the payment of any such peddlers' occupation tax: provided, such persons shall not be exempt from such peddlers' tax if employed in peddling for any other person or persons; nothing herein contained shall be so construed as to include traveling vendors of tin or earthenware: provided further, that nothing herein contained shall be so construed as to include traveling vendors of literature exclusively religious in character, or traveling vendors of poultry, vegetables, or other country produce exclusively, fruit and trees exclusively if raised or produced by the vendor or his family." We understand applicant to insist that the exemptions contained in said subdivision are obnoxious to section 1 of article 8 of the Constitution, which, so far as is necessary to be here considered, is as follows: "Taxation shall be equal and uniform;" and section 2 of said article 8, which reads as follows: "All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax. But the Legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes (and the necessary furniture of all schools) and institutions of purely public charity; and all laws exempting property from taxation, other than the property above mentioned, shall be void"—the specific grounds of his objection being as follows: "(1) The act taxes all peddlers alike according to the number of animals used, without regard to the value of the animals or the vehicle used, and without regard to the amount of business done by the peddler. (2) It taxes all peddlers using boats alike, without regard to the character of the boats or the amount of business done by the peddler. (3) It does not appear to tax peddlers using more than two horses or more than two yoke of oxen. (4) It exempts from the payment of such occupation tax, blind, deaf, and dumb persons, wounded persons who have lost a hand or foot, all ex-confederate and ex-federal soldiers who, from old age or other cause, are incapacitated to do and perform manual labor, who are actual residents of the State of Texas, and are not inmates of any soldiers' home or drawing any pension from the United States or any State government, and traveling vendors of poultry, etc., if raised or produced by the vendor or his family."

Without discussing the first three of said objections, it occurs to us that the exemptions enumerated in applicant's fourth subdivision make said occupation tax law (being subdivision 21) clearly obnoxious to the provisions of the Constitution above set out. Some of the exemptions enumerated would appear to have strong claims, and entitled to consideration at the hands of the lawmaking power, if the Constitution did not intervene and inhibit such action. In some cases exemptions have been upheld where the person exempted might be entitled to a pension or a bounty at the hands of the government; but we believe that other constitutional provisions stand in the way of such allowance by the law-

making power.   Under the provisions of our Constitution, no pension can be granted to any person, except as provided in article 16, section 55, of the Constitution, in favor of survivors, etc., of the Mexican War.   Section 3 of our Bill of Rights would appear to inhibit any class legislation, and is as follows: "Section 3.   All free men when they form a social compact have equal rights, and no man or set of men is entitled to exclusive separate public emoluments or privileges, but in consideration of public services."   A proper construction of these constitutional provisions, together with an application of same to the occupation tax provision before quoted, would appear to settle this question in favor of the applicant; for unquestionably the act exonerates and exempts from taxation, and constitutes certain classes therein named, privileged classes, who are authorized to pursue the occupation of peddling without the payment of any tax or the procurement of any license.   This is obviously taxation which is not equal or uniform.   However, this is not a new question in this State.   In Pullman Palace Car Company v. State, 64 Texas, 274, almost this exact question came before our Supreme Court for decision. That was a case in which suit was brought by the State of Texas against the Pullman Palace Car Company, claiming an occupation tax for running and operating Pullman palace cars on lines of railroads in the State of Texas, said cars not being owned by any of the railroad companies operating the railroad.   The tax act under which this recovery was sought laid an occupation tax upon all persons or corporations operating Pullman palace cars on railroads in the State of Texas, except persons or corporations who owned said railroad; and the court held that this exemption rendered the law unconstitutional and void.   Among other things, Judge Stayton, who rendered that opinion, said: "If the things done constitute in one person or corporation the taxed occupation, no one doing the same things can be omitted from the class taxed without a violation of the constitutional provisions, even though the omitted or excepted person or corporation may do more or other things than are necessary to constitute the taxed occupation, and though that done in excess may within itself constitute a distinct occupation subject to taxation, however kindred in nature the occupation may be.   The Legislature may classify subjects of taxation, and these classifications may, as they will be, more or less arbitrary; but, when the classification is made, all must be subjected to the payment of the tax imposed who, by the existence of the facts on which the classification is based, fall within it, unless exempted under some other constitutional provision."   And, to the same effect, see also Cooley on Tax. (ed. 1879), pp. 128, 130, 138, 139, 153; 1 Desty on Tax., pp. 94, 95, 122, 191, 192, 193; City of New Orleans v. Ins. Co., 23 La. Ann., 449; Sims v. Parish of Jackson, 22 La. Ann., 440; Livingston v. City Council of Albany, 41 Ga., 21; Lin Sing v. Washburn, 20 Cal., 534; Sutton's Heirs v. City of Louisville, 5 Dana, 28.

We hold that said subdivision 21 of the occupation tax act of the Twenty-fifth Legislature is null and void, as being violative of our constitutional provisions on the subject. The judgment is reversed, and the relator is ordered discharged.

*Relator ordered discharged.*