## M. F. OWENS v. THE STATE.

### No. 4109.   Decided Feb. 19, 1908.

**1.—Occupation Tax—Constitutional Law—Assignment of Wages.**

The Act of the Twenty-ninth Legislature, page 207, which imposes an occupation tax on certain persons, etc., procuring assignment of wages not due, etc., transfers of wages not yet due, etc., and providing certain exemptions, is unconstitutional and in violation of sections 1 and 2, article 8, Constitution of Texas.

**2.—Same—Restraint of Trade—Fourteenth Amendment.**

The Act of the Twenty-ninth Legislature, page 207, which imposes an occupation tax on certain persons, etc., procuring assignment of wages not due, etc., violates the Fourteenth Amendment to the Constitution of the United States, it being in restraint of trade and class legislation.

Appeal from the County Court of Bexar.   Tried below before the Hon. Robert B. Green.

Appeal from a conviction of a violation of the occupation tax law; penalty a fine of $1.

The opinion states the case.

*Onion & Henry and T. J. Newton,* for appellant.—On question of unconstitutionality of law under section 1 and 2, article 8, Constitution of Texas:   Cases cited in opinion.

"The trial court erred in finding defendant guilty and assessing a fine against her, because the Act of the Twenty-ninth Legislature attempting to impose an occupation tax against persons, firms or corporations engaged in the business of purchasing or procuring assignments or transfers of wages, not earned or not due and payable at the date of such assignments or transfers, and by virtue of which defendant was convicted, is unconstitutional, illegal and void for this:   Because said act is in violation of the Fourteenth Amendment to the Constitution of the United States of America in that it is in restraint of the freedom of trade, denies equality before the law, is a denial of the right of the citizen to contract, and is class legislation.   Butchers Union v. Crescent City Co., 111 U. S., 746; S. A. & A. P. Ry. v. Wilson, 4 Texas Civ. App., 565; 19 S. W. Rep., 910; Allgeyer v. Louisiana, 165 U. S., 578; Ritchie v. People, 155 Ill., 98; Braceville v. People, 147 Ill., 66; Harding v. People, 160 Ill., 459; State v. Julow, 129 Mo., 163; People v. Warden, 157 N. Y., 116; State v. Fire Creek Co., 33 W. Va., 188; Godcharles v. Wigeman, 113 Pa. St., 431; Commonwealth v. Perry, 155 Mass., 117; Frorer v. People, 141 Ill., 171; State v. Loomis (Mo.), 21 L. R. A., 789; In Re Jacobs, 98 N. Y., 98; Millett v. People, 117 Ill., 294; Hirshfield v. City of Dallas, 29 Texas Crim. App., 242; 15 S. W. Rep., 124; State of North Carolina v. Moore, 22 L. R. A., 472; West Va. v. Goodwill, 6 L. R. A., 621; Tiedeman on Police Powers, p. 290.

*F. J. McCord,* Assistant Attorney-General, for the State.—Occupation taxes are equal and uniform when the same amount is exacted alike from all persons of the same class, trade, calling or profession. The statute in question exacts the same tax from all persons engaged in the business described by the act. Tex. Bank & Ins. Co. v. State, 42 Texas, 636; Albrecht v. State, 8 Texas Crim. App., 216; Ex parte Williams, 31 Texas Crim Rep., 262.

It will be observed that this statute does not make a personal exemption in favor of certain citizens, but the exemption made is in favor of the articles sold by the persons dealing in such articles, and in that respect presents the same question as in the Sunday law Drug-store cases. Searcy v. State, 40 Texas Crim. Rep., 460; 51 S. W. Rep., 1119; Ex parte Brown, 61 S. W. Rep., 396.

BROOKS, Judge.—An information was filed against appellant in the county court of Bexar County, Texas, on the 27th day of January, 1906, charging her with unlawfully engaging in the business and occupation and procuring assignments and transfers of wages not earned and not due and payable at the date of such assignment and transfer, without having first paid to the State of Texas the sum of five thousand dollars as an occupation tax. The information alleges that appellant had taken and purchased more than three assignments of unearned wages not due and payable during the month of January, 1906, and further alleges that said purchases and transfers of wages were not necessaries, or for any purpose legalized under the Act of April 15, 1905. In the trial of the case a jury was waived and the facts support the allegations in the information.

Appellant's first insistence is, that the Act of the Twenty-ninth Legislature, p. 207, which imposes said tax is unconstitutional because said act exempts from its provisions any person, firm or corporation, taking, accepting, purchasing or procuring such assignments or transfers to pay or secure the purchase price for the necessaries of life for the family of the assignor, or of the purchase price of a homestead of the assignor, or of improvements or repairs thereon, or for any article necessary for the use of the assignor in the pursuit of his employment, or for the payment of life or accident insurance premiums, dues or assessments, where such assignments or transfers are made directly to the person, firm of corporation from whom such purchases are made, or to whom such premiums, dues or assessments are payable. The exception, as appellant insists, from its said provisions of said persons, firms or corporations, constituting a privileged class, being grossly discriminative, and not an equal and uniform tax in violation of article 8, sections 1 and 2 of the Constitution of the State of Texas.

Section 1 of said act reads, as follows: "Be it enacted by the Legislature of the State of Texas: There is hereby imposed an annual occupation tax of five thousand dollars for State purposes upon every person who, in his own behalf or as agent for another, shall engage in

the business of taking, purchasing or procuring assignments or transfers of wages not earned or not due and payable at the date of such assignment or transfer, whether such assignment or transfer is made absolutely, conditionally or as security for each separate county in which such person may engage in such business, either in his own behalf or as agent for another."

Section 2 provides that the commissioners court of each county shall have the right to levy one-half of the state tax above stated and authorizes incorporated cities or towns to also levy one half of the State tax.

Section 3 reads, as follows: "Any person shall be deemed to be engaged in the business referred to in section 1 of this act, who shall take, accept, purchase or procure, directly or indirectly, either in his own behalf or as the agent of another, more than three such assignments or transfers during any calendar month. Provided, that this act shall not apply to or impose a tax upon any person, firm or corporation, taking, accepting purchasing or procuring such assignments or transfers to pay or secure the purchase price of the necessaries of life for the family of the assignor or the purchase price of a homestead of the assignor, or of improvements or repairs thereon, or for any article necessary for the use of the assignor in the pursuit of his employer, or for the payment of life or accident insurance premiums, dues or assessments where such assignments or transfers are made directly to the person, firm or corporation from whom such purchases are made or to whom such premiums, dues or assessments are payable, or where such assignment made for any such purposes shall not be taken or accepted at a discount."

The first ground upon which appellant insists that said act is unconstitutional is that the proviso in same constitutes a privileged class, being grossly discriminative, and not an equal and uniform tax and in violation of article 8, sections 1 and 2 of the Constitution of the State of Texas. Section 1, and article 8 of the Constitution, reads as follows: "Taxes shall be equal and uniform." Section 2, article 8 of the Constitution, states that "all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax." It will be seen that the proviso of the act above cited, exempts from its provisions all dealers in the necessaries of life, the seller of a homestead, or dealers in the necessaries for the use of the assignor in his employment, all persons making repairs on homesteads, and all life and accident insurance companies. We think appellant's objection to this law is well taken. Suppose, as appellant in his able brief insists, a wage earner's wife is ill, the physician advises an operation as absolutely necessary to save her life; he has no money, his salary is not yet due; the surgeon refuses his services until the money is paid, or guaranteed, the wage earner has no property save his own wages not yet due. When he tries to sell his wages to procure money to save the wife of his bosom and the mother of his children, the Act of April 15th, 1905, designed for his protection (?) stares him in the face and says: "thou shalt not." However, reverting to the proviso under considera-

tion, the Legislature may classify the subject of taxation, and these classifications, may, as they will, be more or less arbitrary, but where the classication is made, all must be subjected to the payment of the tax imposed, who, by the existence of the facts upon which the classification is based, fall within it, unless exempted under some other constitutional provision. Here we have parties exempted from this tax if they take a transfer of the wages for necessaries of life, purchase of a homestead, or improvements thereon, for any article necessary for the use of the assignor in the pursuit of his employment, or the payment of life or accident insurance premiums, etc. where such assignment or transfer was made direct to the person, firm or corporation, from whom such purchases are made, or to whom such premiums, dues or assessments are payable. What difference would it make to the wage earner, whether he transferred his wages directly or indirectly, for these matters? Why should one be forced to pay this tax if he bought the wage earner's right to future pay any more than for any services, or property that he might see fit to transfer his wages for? In fact, the whole act is so unconstitutional it is not necessary to discuss it. It is discriminative, it is unjust, it is unequal, and we so hold. A long line of authorities support the constitutional provision that the taxes must be equal and uniform. Some of them are as follows: Pullman Pal. Car Co. v. State, 64 Texas, 274; Rainey v. State, 4 Texas Crim. App., 254; 53 S. W. Rep., 882–869; Ex parte Overstreet, 39 Texas Crim. Rep., 474; 46 S. W. Rep., 825; Hoefling v. San Antonio, 85 Texas, 228; Ex parte Jones, 38 Texas Crim. Rep., 482; 43 S. W. Rep., 513; Fahey v. State, 27 Texas Crim. App., 147; 11 S. W. Rep., 108; S. A. & A. P. Ry. Co. v. Wilson, 4 Texas Civ. App., 565; 19 S W. Rep., 910.

We accordingly hold, as stated, that the tax is discriminatory, unjust and invalid, because it puts a tax upon a class and exempts other classes equally amenable to the tax and no legal or just reason could be assigned that they were not so amenable.

We furthermore think said act is unconstitutional in that it violates the Fourteenth Amendment to the Constitution of the United States, in that it is in restraint of the freedom of trade, denies equality before the law, is a denial of the right of a citizen to act and is class legislation. As aptly said by Judge Snyder in the case of State v. Goodwill, 33 W. Va., 183, 25 Amer. St. Rep., 863, "A person living under the protection of this government has the right to adopt and follow any lawful industrious pursuit not injurious to the community, which he may see fit. And as incident to this, is the right to labor or employ labor, make contracts in respect thereto upon such terms as may be agreed upon by the parties, to enforce all lawful contracts, to sue and give evidence and to inherit, purchase, lease, sell and convey property of every kind. Is not a man's wages or his time 'property'? If so, has he not the right under the Constitution to sell and convey such property? If a law be passed that prohibits the purchase of his 'time' or labor, does it not abridge his right of contract? Does it not deprive him of selling what is his?

Does it not follow that a prohibitive tax upon parties who would buy his labor, deprives the laborer of the right to sell 'original foundation of other property'? The enjoyment or deprivation of these rights and privileges, constitutes the essential distinction between freedom and slavery, between liberty and oppression." What possible good could flow from a statute of the kind under consideration, we are at a loss to know. To say that a man working for wages, whatever the amount of the wages may be, can only sell his time for certain purposes and if he does sell for those purposes not authorized by the statute, the party to whom he sells must pay a $5,000 tax to the State, is a ruthless invasion of the right of free contract, an abridgment of personal liberty and the right of property, since the laborer's muscle is all the property he has, in many instances, and an invasion of the Constitution of this State and of the United States, and we so hold. Authorities supporting the last proposition in addition to the one last cited, are the S. A. & A. P. Ry. Co. v. Wilson, 19 S. W. Rep., 910; Allgeyer v. Louisiana, 165 U. S., 578; Ritchie v. People, 155 Ill., 98.

In passing upon these questions we wish to express our indebtedness to the able counsel who prepared the brief in this case. It is full of authorities and replete with arguments showing the unconstitutionality of the act in question.

For the reasons suggested we hold that the act is unconstitutional and the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*