### Ex Parte Fritz Bockhorn.

#### No. 131.    Decided June 21, 1911.

**1.—Habeas Corpus—Occupation Tax—Constitutional Law—Repeal.**

Where relator was tried and convicted in the Justice Court on the charge of following the occupation of selling sewing machines without paying the occupation tax, under an Act of the Legislature exempting merchants who follow such occupation. Held, that under article 8, sections 1 and 2 of the Constitution of Texas, said Act is unconstitutional and discriminating; and this although the tax upon merchants had been thereafter repealed.

**2.—Same—Rule of Construction.**

An unconstitutional law can not be vitalized and held constitutional by reason of some subsequent Act of the Legislature which removes the difficulty either directly or indirectly.

Appeal from the District Court of Washington. Tried below before the Hon. W. R. Ewing.

Appeal from a habeas corpus proceeding asking relief under a commitment from the Justice Court, under a complaint of unlawfully pursuing the occupation of selling sewing machines without paying an occupation tax.

The opinion states the case.

*Mathis & Teague,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Relator was tried and convicted in the Justice Court under a complaint charging him with following the occupation and pursuing the business of selling sewing machines without first having paid an occupation tax. He resorted to a writ of habeas corpus before the county judge to test the constitutionality of the Act of the Legislature levying the tax. Upon a hearing the county judge remanded relator to custody. From that judgment this appeal is prosecuted.

The provision of the Act of the Legislature levying this tax is in the following language: "From every person, firm, agency or asso-

ciation of persons dealing in sewing machines, an annual tax of fifteen dollars to the State and seven dollars as a county tax in every county where such business may be carried on; provided, that a merchant who pays an occupation tax, as required by this Act, shall not be required to pay the special tax to sell sewing machines when sold in his place of business."

The same Act of the Legislature levied a tax of three dollars upon merchants for the State, which authorized one dollar and fifty cents for the county.

The contention of relator is that this Act is unconstitutional and discriminating. The Constitution provides that all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the same. Article 8, sections 1 and 2 of the State Constitution. We deem it hardly necessary to cite authorities to sustain relator's contention under the numerous decisions of this court on similar legislation. Such legislation has been held to be unconstitutional in Rainey v. State, 41 Texas Crim. Rep., 254; Ex parte Japan, 36 Texas Crim. Rep., 482.; Owens v. State, 53 Texas Crim. Rep., 105, 112 S. W. Rep., 1075; Ex parte Overstreet, 39 Texas Crim. Rep., 474.

It may be that the county judge held relator upon the theory that the tax upon merchants has been repealed by the Act of 1907, page 57. An inspection of that Act will disclose the fact, we think, that the occupation tax upon merchants spoken of was repealed. However, the repeal of the merchants' tax in 1907 would not render an unconstitutional Act constitutional. An unconstitutional statute is void from its inception. The Act of the Legislature under which relator was arrested for violating same, if unconstitutional at the time of its passage, would not be rendered constitutional by some subsequent Act of the Legislature repealing the occupation tax upon merchants, and such repeal would not impart validity to the prior unconstitutional Act. Cooley's Constitutional Limitations, 7th ed., p. 259; Norton v. Shelby County, 118 U. S., 425; Boales v. Ferguson, 76 N. W., 18; Finders v. Bodle, 78 N. W., 480; Seneca Min. Co. v. Secretary of State, 47 N. W., 25; State v. Tufly, 19 Am. St. Rep., 374.

Mr. Cooley, in his work on Constitutional Limitations, uses this language: "When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights can not be built up under it; contracts which depend upon it for their consideration are void; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made."

In the case of Norton v. Shelby County, 118 U. S., 25, supra, Justice Field, of the Supreme Court of the United States, says in regard to unconstitutional statute: "It confers no rights; it embodies no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it never had been passed."

In the case of Boales v. Ferguson, 76 N. W., 18, supra, the court

uses this language: "The Baker law was enacted in violation of the Constitution; it was never enforced, and the decision of this court, in Trumble v. Trumble, was a mere judicial declaration of a pre-existing fact; the court did not annul the statute, for it was already lifeless. It had been fatally smitten by the Constitution at its birth."

In the case of Seneca Min. Co. v. Secretary of State, 47 N. W., 25, supra, in passing on this question, the court said: "If the law-making power is prohibited from enacting a law, and in disregard of such prohibition it goes through the forms of enacting a law, such enactment is of no more force or validity than a piece of blank paper, and is utterly void, and powers subsequently conferred upon the Legislature by an amendment to the Constitution do not have a retroactive effect and give validity to such void law."

In the case of State v. Tufly, 19 Am. St. Rep., 374, supra, it was said: "An Act of the Legislature which is not authorized by the State Constitution at the time of its passage is absolutely null and void; it is a misnomer to call such an Act a law; it has no binding authority, no validity, no existence; it is as if it had never been enacted, and is to be regarded as never having been possessed of any legal force or effect. The Act being void, no subsequent adoption of an amendment of the Constitution authorizing the Legislature to provide for such investment would have the effect to infuse life into a thing that never had any existence."

If we hold that the repeal of the statute levying an occupation tax on merchants imparted validity to the statute levying the tax upon sewing machine dealers, then it would impart validity as well to the statute levying a tax upon buyers of wool and hides, which statute was held to be unconstitutional in the case of Rainey v. State, supra. Under such holding any Act that was unconstitutional, and declared to be by the courts, could be vitalized and held constitutional by reason of some subsequent Act of the Legislature which removed the difficulty either directly or indirectly. This could not be justified under any rule of construction. Wherever the Act is unconstitutional, it is void. This Act was clearly unconstitutional, and has not been vitalized by the subsequent repeal of the tax on merchants.

The judgment is reversed and relator is ordered discharged.

*Relator discharged.*