

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**
XXXXXXXXXXXXXXXXXXXXXD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Jean Day
County Attorney
Henderson County
Athens, Texas

Opinion No. O-5411
Re: Filing of criminal cases in
various justice precincts of county
by constable, and related matters.

Dear Sir:

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Would you please advise me on the following:

"Constable of Precinct #8 catches dice shooters in Precinct #4 and files complaint against them in Justice precinct #1 where they plead guilty and pay fine. Justice of the Peace of Precinct #4 demands the Justice fees in the cases. Should he receive them.

"What is the present law on where a Constable can file his cases."

Articles 6885 and 6889, Vernon's Annotated Texas Civil Statutes, provide:

"Art. 6885. Each constable shall execute and return according to law all process, warrants and precepts to him directed and delivered by any lawful officer, attend upon all justice courts held in his precinct and perform all such other duties as may be required of him by law."

"Art. 6889. Every constable may execute any process, civil or criminal, throughout his county and elsewhere, as may be provided for in the Code of Criminal Procedure, or other law."

The constable is a peace officer. See Article 36, Vernon's Annotated Texas Code of Criminal Procedure.

Article 37, Vernon's Annotated Texas Code of Criminal Procedure, provides that "it is the duty of every peace

Hon. Jean Day, page 2

officer to preserve the peace within his jurisdiction."

"Article 632, Vernon's Annotated Texas Penal Code, referring to violations of the gaming laws, reads as follows:

"Whenever it comes to the knowledge of any
sheriff, or other peace officer, by affidavit of
a reputable citizen, or otherwise, that any provi-
sion of the preceding articles of this chapter is
being violated, such officer shall immediately
avail himself of all lawful means to suppress such
violation; and he shall be authorized, by any
search warrant that is issued by virtue of this law,
to enter any house, room or place to be searched,
using such force as may be necessary to accomplish
such purpose."

Article 633, Vernon's Annotated Texas Penal Code, pro-
vides for the issuance of a search warrant and arrest warrant
for gaming violations.

Article 223, Vernon's Annotated Texas Code of Crimi-
nal Procedure, relates to a "Warrant of arrest" and provides
that such a warrant:

"Issued by any county or district clerk, or
by any magistrate (except county commissioners or
commissioners court, mayors or recorders of an
incorporated city or town), shall extend to any
part of the state; and any peace officer to whom
said warrant is directed, or into whose hands the
same has been transferred, shall be authorized to
execute the same in any county in the state."

The case of Henson v. State, 49 S.W. (2d) 463, holds
that Article 223, V.A.T.C.C.P., authorizing the sheriff to serve
warrants outside his county does not extend his authority to
arrest without a warrant outside the county, and that a sheriff
and deputy making an arrest and searching an automobile outside
the county without a warrant stand in the same relation to search
as private citizens.

Opinion No. O-1240 of this department holds that a con-
stable has the authority to execute a warrant of arrest not only
in every precinct within his own county, but as well in any
county in the State, and is entitled to the fees and mileage pro-
vided by law therefor.

We quote from 38 Tex. Jur., p. 434:

"The power of arrest possessed by a constable and a city marshall also extends to the whole county, and beyond when acting under a lawful warrant, since they are peace officers."  (Citing the case of Newburn v. Durham, 31 S.W. 195)

This department has repeatedly held that a constable has authority to make arrests without warrant (in the instances provided by law) anywhere in his county either in or outside his own precinct.  See the following opinions:

Opinion dated May 21, 1931, written by Hon. E. F. Johnson, Assistant Attorney General, addressed to Hon. H. G. Bennett, County Attorney, Dumas, Texas.

Opinion dated October 13, 1938, written by Hon. R. E. Gray, Assistant A ttorney General, addressed to Sheriff Tom Abel, Lubbock, Texas.

Opinion No. O-1565 of this department, dated November 24, 1939.

Opinion No. O-3969 of this department, dated October 1, 1941.

We quote from Opinion No. O-3969 of this department as follows:

"You are respectfully advised that it is the opinion of this department that a constable may lawfully make an arrest in a precinct other than his own in his county without a warrant when he would be authorized by law to make the arrest without warrant in his own precinct; and that while it is his primary duty under Article 37, V.A.T.C.C.P., to preserve the peace within his own precinct, still his jurisdiction is co-extensive with the limits of the county.  It also follows that the constable would have authority to execute warrants of arrest anywhere in his county.

"It is also our opinion that the constable would have authority to file complaints upon the arrests described in your letter in the justice court of the precinct where the offenses were committed.

"It is our further opinion that the constable may execute warrants of arrest anywhere within the State."

We quote from the opinion of the Texas Court of Criminal Appeals in the case of Ex parte Von Koenneritz, 286 S.W. 987, as follows:

"This is a dual action, in which the applicant seeks the writ of habeas corpus, releasing him from arrest, and also seeks a writ of prohibition against J. C. Burch, justice of the peace of precinct No. 6 of Travis county, Tex. He asks that we issue a writ of prohibition prohibiting the said J. C. Burch, justice of the peace as aforesaid, from trying him on a certain complaint which has been filed against him in the justice court over which the said Burch presides. He attaches a copy of the complaint under which he is held, and this complaint alleges that on the 15th day of January, 1926, the applicant, in Travis county, Tex., did unlawfully and willfully drive and operate a certain motor vehicle along and upon a certain public highway, to wit, along and upon South Congress avenue, a street within the corporate limits of Austin, Tex., an incorporated city, at a greater rate of speed than 25 miles per hour, etc.

"It is appellant's contention that the justice of the peace in precinct No. 6 is without jurisdiction to try said case, in view of the fact, as appellant contends, that the offense was committed, if at all, in precinct No. 3 in Travis county. We do not agree with applicant's contention that the alleged anticipated trial of the applicant before the justice court of precinct No. 6 would be a mere nullity. His action in the event of a trial, in our judgment, would not be void. Under the plain terms of the statute itself, the justice of precinct No. 6 has jurisdiction of the subject-matter of the suit. Article 60, 1925 Revision C.C.P.

"If it be conceded that applicant would have the right upon proper motion to have the case transferred to the justice precinct in which the alleged offense occurred, which question it is unnecessary to decide in this case, it would still follow that such right would not render the trial of the cause in justice precinct No. 6 void. Suppose the right to be tried in the precinct where the offense was committed was undisputed, yet for some reason applicant should not see fit to assert this right and should plead guilty in a justice court situated in a precinct different from the one in which the offense was committed; could it be contended that a valid judgment could not be rendered against him under these conditions? We think not. The Court of Civil Appeals in this state has, we think, correctly stated the rule as follows:

"'The word "void" can with no propriety be applied to a thing which appears to be sound, and which while in existence can command and enforce respect, and whose infirmity cannot be made manifest. If a judgment rendered without in fact bringing the defendants into court cannot be attacked collaterally on this ground unless the want of authority over them appears on the record, it is no more void than if it were founded upon a mere misconception of some matter of law or of fact occurring in the exercise of an unquestionable jurisdiction. In either case the judgment can be avoided and made functus officio by some appropriate proceeding instituted for that purpose; but, if not so avoided, must be respected and enforced.' Dunn v. Taylor, 42 Tex.Civ.App. 241, 94 S.W. 347.

"The anticipated action of the justice of the peace of precinct No. 6 being in no event more than voidable, applicant is not entitled to the relief sought.

"'The doctrine is well settled, in this state at least, that if the proceeding under which a person is held in custody and restrained of his liberty is merely voidable, he cannot be released on habeas corpus, but must seek his remedy in some other manner. The ordinary mode of seeking redress against a voidable judgment in a criminal proceeding would be by appeal. The writ of habeas corpus was never designed to operate as a writ of error, a certiorari, or as an appeal.' Ex parte Boland, 11 Tex. App. 159; Ex parte McKay, 82 Tex.Cr.R. 221, 199 S.W. 637; Ex parte Japan, 36 Tex.Cr.R. 482, 38 S.W. 43, and many other cases cited in these authorities.

"The matter in controversy being one in which the justice of the peace has jurisdiction of the subject-matter involved, we will not decide questions of practice in an action of this character that may arise on the trial of the case. As stated by Judge Henderson in Ex parte Windsor (Tex.Cr.App.)78 S.W. 510:

"'We will not assume that the court below will not properly administer the law, and will not determine questions presented to it, in a legal and proper manner.'

"For the reasons above stated, the writ of
habeas corpus and the writ of prohibition are both
refused."

Article 1052, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads as follows:

"Three Dollars shall be paid by the county to
the County Judge, or Judge of the Court at Law,
and Two Dollars and fifty cents shall be paid by
the county to the Justice of the Peace, for each
criminal action tried and finally disposed of be-
fore him. .rovided, however, that in all counties
having a population of 20,000 or less, the Justice
of the Peace shall receive a trial fee of Three Dol-
lars. Such Judge or Justice shall present to the
Commissioners' Court of his county at a regular
term thereof, a written account specifying each
criminal action in which he claims such fee, certi-
fied by such Judge or Justice to be correct, and
filed with the County Clerk. The Commissioners'
Court shall approve such account for such amount
as they find to be correct, and order a draft to
be issued upon the County Treasurer in favor of
such Judge or Justice for the amount so approved.
Provided the Commissioners' Court shall not pay any
account or trial fees in any case tried and in which
an acquittal is had unless the State of Texas was
represented in the trial of said cause by the Coun-
ty Attorney, or his assistant, Criminal District At-
torney or his assistant, and the certificate of said
Attorney is attached to said account certifying to
the fact that said cause was tried, and the State
of Texas was represented, and that in his judgment
there was sufficient evidence in said cause to de-
mand a trial of same. (As amended Acts 1929, 41st
Leg., p. 239, ch. 104, 1 1; Acts 1929, 41st Leg.,
1st C. S., p. 155, ch. 55, 1 1.)"

Article 1011, Vernon's Annotated Texas Code of Crimi-
nal Procedure, reads as follows:

"No item of costs shall be taxed for a purport-
ed service which was not performed, or for a service
for which no fee is expressly provided by law."

Under the facts stated the dice shooters pleaded guilty
in Justice Precinct No. 1 and paid their fines. Under Ex parte
Von Koenneritz above cited such judgments are not void for such

justice court had jurisdiction. The Justice of the Peace of Precinct No. 1 who accepted the pleas of guilt is entitled to the fees provided by Article 1052, V.A.C.C.P., supra.

The Justice of the Peace of Precinct No. 4, not having tried the cases, is not entitled to any fees whatever.

With respect to your question as to where the constable can file his cases, such question is rather broad. As pointed out above, under the facts given in your letter, the convictions in justice precinct No. 1 were not void. The defendants pleaded guilty, paid their fines and did not file motions to transfer their cases to justice precinct No. 4. As to whether such motions to transfer would have been good if made is a question raised in the Ex parte Von Koenneritz case but not decided in such case. The constable also could have filed the gaming cases directly in the county court as that court had concurrent jurisdiction with the justice court of said offenses. (See Article V, Section 15, Constitution of Texas.)

In this connection we wish to call to your attention the provisions of House Bill 342 of the 48th Legislature of Texas, effective August 10, 1943. We quote from Volume 5, Vernon's 1943 Texas Session Law Service, 48th Legislature, Regular Session, pages 424-425, as follows:

"Be it enacted by the Legislature of the State of Texas:

"Section 1. No person shall be tried in any misdemeanor case in any Justice Precinct Court except in the precinct in which the offense was committed, or in which the defendant resides; provided that in any misdemeanor case in which the offense was committed in a precinct where there is no qualified Justice Precinct Court, then trial shall be had in the next adjacent precinct in the same county which may have a duly qualified Justice Precinct Court, or in the precinct in which the defendant may reside; provided that in any such misdemeanor case, upon disqualification for any reason of all Justices of the Peace in the precinct where the offense was committed, such case may be tried in the next adjoining precinct in the same county, having a duly qualified Justice of the Peace; provided that, upon agreement between the attorney representing the State and each defendant or his attorney, which said agreement shall be reduced to writing, signed by said attorney representing the State

and each defendant or his attorney, and filed in the Justice Court in which such misdemeanor case is pending, the Justice of the Peace before whom such case is pending may, in his discretion, transfer such cause to the Justice Court of any other precinct in the same county, named in such agreement; provided that in any misdemeanor case in the Justice Court in which two (2) or more defendants are to be tried jointly, such case may be tried in a Justice Court of the precinct where the offense was committed, or where any of the defendants reside.

"Sec. 1-A. No constable shall be allowed a fee in any misdemeanor case arising in any precinct other than the one for which he has been elected or appointed, except through an order duly entered upon the Minutes of the County Commissioners Court.

"Sec. 1-B. Any Justice of the Peace, Constable, Deputy Constable, Sheriff, or Deputy Sheriff either elected or appointed, violating any provision of this Act shall be punished by fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) and shall be subject to be removed from office by action brought in District Court for that purpose.

"Sec. 2. All laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict.

"Sec. 3. The fact that many persons are daily being prosecuted for misdemeanors in Justice Courts at considerable distances from their homes and from the precincts in which the offenses were committed, for the purpose of inducing such persons to plead guilty, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed the House, April 7, 1943; Yeas 125, Nays 18; passed the Senate, April 29, 1943, by a viva voce vote.

"Approved May 6, 1943.

"Effective 90 days after May 11, 1943, date of adjournment."

When House Bill No. 342, supra, becomes effective on August 10, 1943, it will control insofar as the filing of misdemeanor complaints in justice courts are concerned.

Trusting that this satisfactorily answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

APPROVED JUL 1, 1943
/s/ Wm. J. Fanning
(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

WJF:db:wb