## THE PULLMAN P. C. CO. v. THE STATE OF TEXAS.

### (Case No. 5147.)

1. OCCUPATION TAX — CONSTITUTION CONSTRUED. — Construing that portion of the act of March 24, 1881 (Gen. Laws, p. 85), which undertakes to impose on "every firm, person or association of persons, owning or running any palace, sleeping or dining-room cars not owned by the railroad company in this state," an annual tax of $2 per mile, etc., *held:*

(1) The tax contemplated is not a tax on property, which under the constitution must be taxed in proportion to value; nor is it a tax on persons, which must be uniform on the same class of subjects, to be legal.

(2) It is an occupation tax.

(3) By its terms the act applies to three classes of persons, viz.: 1st, to the owner of a car who runs it, or permits it to be run, on a railway; 2d, to others, not the owners of the railway or cars, who run them; 3d, to railway companies or others, who run such cars on their own roads, and as to whom the law imposes no tax.

(4) The subject of an occupation tax is the thing or business done; and, so far as regards the business of running a Pullman sleeping car, it is the same whether the car be run by the owners of the railway, and belongs to them, or be run and owned by those who have no interest in the railway. It results, that a tax imposed on one running a sleeping car over the railway of another, when the same law exempts from tax the act of running the same description of cars over the road of the car owner, is not a tax equal and uniform, but is violative of the constitution, and cannot be collected.

(5) The fact that the railway company which owns and runs its own sleeping cars, over its own road, pays an *ad valorem* tax, cannot affect the question.

(6) Nor can the constitutional requirement in reference to occupation taxes be evaded by the fact that one pursuing the occupation pays an income tax. Neither can it be evaded on account of the fact that an occupation tax is paid by the party on a business kindred to that for pursuing which the occupation tax is claimed. Citing Kelly *v.* Dwyer, 7 Lea (Tenn.), 180; Burch *v.* The Mayor, 42 Ga., 596; Hirsh *v.* Commonwealth, 21 Gratt., 785, and other cases noted in the opinion.

2. TAXATION. — An occupation tax which is not equal and uniform, but which exempts one class of persons pursuing an occupation, and imposes a tax on others pursuing the same occupation, is unconstitutional, void, and can be enforced against neither class of persons.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

*Mason & Carr*, for appellant, cited: Const. of Texas, art. 7, sec. 2; Pennito *v.* Petition, 7 Penn., 174; Augusta *v.* North, 57 Me., 392; Mitchell *v.* Board, 7 N. C., 400; McQuilker *v.* Doe, 8 Black, 581.

*J. H. McLeary* and *John D. Templeton*, for the state, cited: Cooley on Taxation, 128; Sacramento *v.* Crocker, 16 Cal., 120.

STAYTON, ASSOCIATE JUSTICE.— The general nature and result of this action is thus correctly stated by counsel:

"This suit is brought by the state of Texas, by its attorney-general, charging that appellant is pursuing the occupation of owning and running on railroads in Texas, palace, sleeping and dining-room cars; that on and after the 24th day of March, 1881, appellant, for the privilege of pursuing said occupation, became liable and indebted to appellee in the sum of $2 for each mile of railroad in the state of Texas over which appellant's said cars run, as an annual occupation tax — said cars not being owned by any of the railroad companies who own the railroads, claiming in the aggregate $5,000.

"Defendant pleaded general and special demurrer, general denial, unconstitutionality of the law authorizing the collection of the tax sued for, and repeal of the law before the collection of the t ax, and that defendant's cars were interstate and not liable to occupation tax.

"The cause was submitted to the district judge without jury. The trial resulted in a judgment for plaintiff in the sum of $4,302."

There are many assignments of error, some of which do not properly arise upon the record before us, and many of the others refer to matters not deemed important or necessary to be considered.

The first essential inquiry which arises is: Is the act under which the tax is claimed invalid, in so far as it affects the question involved in this case?

The tax in question is claimed under that part of the act of March 24, 1881, which is as follows:

"From every person, firm or association of persons owning or running any palace, sleeping or dining-room cars not owned by the railway company, on any railroad in this state, there shall be collected an annual tax of $2 per mile for each and every mile of any and all railroads in this state over which such cars may run. The tax herein due shall be paid by said person, firm · or association of persons, to the comptroller of public accounts, whose receipt, under seal, shall be issued to the company, person or firm, certified copies of which shall be evidence of the payment of state tax; *provided*, that nothing herein contained shall authorize the levy of any county or municipal tax upon such person, firm or association of persons." Gen. Laws 1881, p. 58.

The tax contemplated by this part of the act is not a tax upon property, which, under the constitution, must be taxed·in proportion to its value; nor is it a tax upon persons, which must be uniform.

It is a tax imposed on a named business which may be carried on by natural persons or by corporations within this state on property belonging to others; and such as is designated in the constitution an "occupation tax."

The act applies to three classes of natural persons and corporations, distinguished by their different degrees of ownership or relationship to the entire property with which the business is conducted.

1st. It applies to the owners of such cars as are named, who run them, or permit them to be run, on railways within this state not belonging to the owners of such cars.

2d. It applies to such persons or corporations as do not have the full ownership of such cars, who, with right or without right to use them as against the owners, do run them on railways within this state, such persons not being the owners of the railway on which they are run.

Upon these two classes the tax is imposed.

3d. It applies to persons or corporations who own or run such cars on railways belonging to themselves, and upon such imposes no tax whatever on the business.

The pursuit of the business, with the cars described, constitutes the occupation taxed, and the ownership is not made an element by which the amount of the tax is determined; for the tax imposed on the owner of such cars who runs them is no more nor less than the tax imposed on one who runs such cars not being their owner.

The first and second classes referred to are evidently embraced for the purpose of including all who pursue business with such cars, except the third class, which is not subjected to the burden imposed on the others.

The tax authorized by the act is essentially an occupation tax, in which the ownership of the cars is of no importance, except as it may fix the person on whom the liability is imposed.

The constitution declares that "all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax." Const., art. 8, sec. 5.

Under the act a railway company is not made liable for the tax if it uses on its own road its own or the cars of others, in every respect the same as those named in the act, and used in the same way and business, with like charges for the use of such cars, in addition to the ordinary and lawful charges for carriage, as are made by persons or corporations owning or running such cars on railways not their own.

The inquiry arises whether a law which thus imposes a tax on

others than railway companies, for the pursuit of this business, while it exempts railway companies therefrom, does not violate the provisions of the constitution referred to.

That the tax contemplated by the act is an occupation tax is too clear for discussion.

Does the business done by persons or corporations owning such cars and running them on the roads of others, or the business done by persons not owning but running such cars on the roads of others, and business done by railway companies on their own roads with such cars, embrace the same class of subjects of taxation?

The subject of taxation is the thing or business done; the occupation followed for and on account of which the tax is imposed on persons and corporations that pursue it.

The business or occupation of the owners of such cars running them on the roads of others, and of those who are not owners but run such cars on the roads of others, in so far as the particular occupation for which the tax is imposed is concerned, in no essential differs from that pursued by a railway company that runs its own cars of the same kind for the same purpose over its own road. The same acts and facts make the occupation in either case, and it looks to the same end and purpose.

The business or occupation of the one is conducted by the same means as the other, leads to the same results to the persons conducting it and to the persons accommodated by it.

The business or occupation taxed under the act in question is certainly nothing more than the running of cars of a certain kind on railways for the purposes for which such cars are ordinarily used. This is the business or occupation of a railway company, in so far as it runs its own cars of the same kind on its own road for the same purposes, making a charge for the use of such cars other than is made for the ordinary transportation of passengers, on account of the increased comfort and convenience to passengers afforded by the use of such cars. A business or occupation separate and apart from its ordinary business of transporting passengers; and on this ground only can be defended the demand or receipt of any sum whatever in excess of the rate fixed by law for the transportation of passengers.

That a railway company may pursue another business or occupation than that taxed by the law in question cannot affect the question whether a business which it does pursue is the subject of taxation for the pursuit of which others are taxed; nor can the fact that it owns other property, without which the occupation in a given case could not be pursued, affect the question.

Do railway companies who run cars of the kinds named in the statute on their own roads pursue the same *class* of occupation as those who own or run cars of the same kind on the railways of others?

There are many classes of occupations subjected to taxation by the laws of this state.

Many of these classes, however, are distinguished by the fact that the occupations themselves are entirely different and distinct in character, and in reference to such no question of classification can arise.

There are, however, some occupations taxed which are very kindred in the elements which make them up, *i. e.*, the acts and things which constitute the occupation taxed.

The person who sells liquors of given kinds in quantities less than a quart is held to follow an occupation separate and distinct from that followed by a person who sells the same kind of liquors in quantities of a quart and more, and upon each of those occupations a tax is imposed, but they differ in amount.

Here the facts which constitute the occupation are in part the same, but not entirely so; and hence are held to belong to different classes of occupations and not required to pay the same amount of tax.

Merchants are taxed on their occupations, but are classed in accordance with the amount of business presumed to be done by them, evidenced by the extent of their annual purchases; but while the occupation of any of these classes involves the acts of buying and selling, the extent of the former act determines the class to which the merchant belongs.

Bankers, money brokers, operators of photograph or other like galleries, auctioneers, cotton brokers and factors, stock and bill brokers, and some others, are compelled to pay an occupation tax, and for this purpose are classed in accordance with the population of the place in which they do business. In all those cases, *place*, connected with and determined by population, in which the business is carried on is an element in the determination of the class of occupation to which each one belongs.

In all these classes of cases an intention is manifested to make taxation as near equal and uniform as, in the nature of things, it can be done, and, with a view to this end, the classification made to depend upon the existence of some act or fact necessary to the one class but not to the other; the taxes being uniformly higher or lower as the facts on which the classification is made to depend render it probable that the tax payer, from the given business, derives greater or less profit.

There is no act or fact entering into the occupation of running such cars as are mentioned in the statute, over the road of another, which does not enter into the occupation of the road owner who runs over his own road the same kind of cars for the same uses and purposes, from which the road owner can be withdrawn from the class on which the statute imposes the tax.

If the things done constitute in one person or corporation the taxed occupation, no one doing the same things can be omitted from the class taxed, without a violation of the constitutional provision; even though the omitted or excepted person or corporation may do more or other things than are necessary to constitute the taxed occupation, and though that done in excess may, within itself, constitute a distinct occupation subject to taxation, however kindred in nature the occupations may be.

The legislature may classify subjects of taxation, and these classifications may, as they will, be more or less arbitrary; but when the classification is made all must be subjected to the payment of the tax imposed, who, by the existence of the facts on which the classification is based, fall within it, unless exempted under some other constitutional provision.

The fact that a railway company owns the railway over which it runs its own, or the cars of some other person, cannot affect the question of classification; for such ownership is not one of the elements on which others are placed within the class.

A classification which would impose such a tax on the merch ant, banker, auctioneer, dentist, lawyer, or other person who does not own the house in which he pursues his occupation, while it does not subject to such taxation persons following the same occupations in houses owned by them, would at once be declared an infraction of the constitution which declares that: " All occupation taxes shall be equal and uniform upon the same class of subjects."

The fact that persons and corporations not made subject to the tax pay an *ad valorem* tax on the property which they use in connection with the occupation which they pursue cannot affect the question; for such tax is required of all property owners, and from it they cannot escape because they pay an occupation tax on the business in which such property is used. Davis *v.* The Mayor, 64 Ga., 133; Johnson *v.* The Mayor, 62 Ga., 650; Kelly *v.* Dwyer, 7 Lea (Tenn.), 180.

The owners of cars made subject to the occupation tax are also subject to an *ad valorem* tax if they be residents of the state, or the property so situated as to make it subject to taxation within the state.

Nor can the constitutional requirement, in reference to occupation taxes, be evaded, or its application rendered unnecessary, by the fact that the person or corporation pursuing the occupation pays an income tax; nor by the fact that an occupation tax is paid upon a business kindred to that on account of which the given occupation tax is claimed. Kelly v. Dwyer, 7 Lea, 180; Burch v. The Mayor, 42 Ga., 596; Hirsh v. Commonwealth, 21 Gratt., 785; Woolman v. The State, 2 Swan (Tenn.), 353; The State v. Stephens, 4 Tex., 139.

It is suggested, if the statute is violative of the constitutional provision referred to, that it should not be held void in so far as it imposes the tax, but that those who by its terms are exempted from its operation should be held subject to its provisions.

The legislature alone can impose taxes, and determine what occupations shall be taxed; and when it imposes an occupation tax and expressly declares that given persons or corporations shall not be subjected to it, the courts have no power to declare that they shall; but they have the power to declare that the act by which such a discrimination is made is inoperative upon those upon whom the burden is attempted to be imposed, because violative of the rule requiring equality and uniformity. The legislature has changed the statute so as to make the tax upon the particular occupation operate upon all engaged in it, thus recognizing the invalidity of the act under which the tax in this case is attempted to be collected. It is unnecessary to consider the other questions presented.

The judgment of the court below will be reversed and the cause dismissed.

REVERSED AND DISMISSED.

[Opinion delivered May 22, 1885.]