EX PARTE J. H. OVERSTREET.

No. 1562. Decided June 22, 1898.

**Occupation Tax—Peddling—Constitutional Law.**

Article 8, section 1, of the Constitution, provides that "Taxation shall be equal and uniform;" * * * that "all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax." Held, the act of the special session of the Twenty-fifth Legislature, amending article 5049, subdivision 40, Revised Statutes, requiring an occupation tax of $350 from all peddlers, and a tax of from $3 to $300 from merchants, depending upon the amount of their purchases, and providing that a merchant who pays an occupation tax shall not be required to pay the special tax for selling in his place of business, or in the county in which his place of business is located, the same articles for which the peddler is taxed, is void for discrimination, and in contravention of the above constitutional provision, since it gives the merchant the right to peddle anywhere in the county upon the payment of a less tax than is required of the peddler.

APPEAL from the County Court of Wise. Tried below before Hon. J. T. JOHNSON, County Judge.

Appeal from an order and judgment on a habeas corpus proceeding remanding appellant to custody for a violation of the law in pursuing the occupation of a peddler of buggies without having paid the occupation tax and obtained a license.

No statement necessary.

*Graham & Turner* and *Walton & Hill,* for relator.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was arrested for pursuing the occupation of peddling buggies, carriages, etc., without first obtaining a license therefor. He resorted to the writ of habeas corpus for his discharge, but upon the trial under said writ he was remanded to custody.

The main contention of appellant is that the law under which he was arrested is unconstitutional, in that it discriminates between persons engaged in the same character of business, requiring of one an occupation tax of $350, and of the other in accordance with the amounts of the purchases, ranging from $3 where the purchases of the merchant are less than $2000 to $300 where the amount of the purchases amount to $750,-000 or more. Under article 5049, subdivision 40, of the Acts of the Special Session of the Twenty-fifth Legislature (page 54), it is provided: "That a merchant who pays an occupation tax, as required by this article, shall not be required to pay this special tax for selling articles named in this paragraph, when sold in his place of business or in the county in which his place of business is located." The merchants referred to by this subdivision 40 are the same as those referred to in subdivision 1, and occupy the same relation to this subject. If a merchant has paid a tax for pursuing his business, without regard to how

much that tax may be, under this subdivision, it is contended he would have the right to sell buggies, etc., within the county in which his business is located, in any manner, shape, or form, either at his place of business, by sample, or by peddling the same. If this proposition be correct, as contended by relator, then there is evidently a discrimination in the tax for doing precisely the same thing. The main question, therefore, is whether or not a merchant would have the right under his license to sell buggies, etc., as a peddler, either himself or by his agents. If he would not have the right under his license, then there is no discrimination in the tax. If he would have this right, the discrimination is apparent. Let us suppose that the merchant was indicted for peddling buggies without a peddler's license, and the proof should show that he had obtained a merchant's license, but that he had peddled the buggies within the county in which his business was situated. Under such a state of facts, could he be convicted of pursuing the occupation of a peddler, under subdivision 40, without a license? He evidently could not, because the proviso expressly authorized him to sell buggies within the county of his place of business. This proviso does not limit or restrict the manner of the sale, and does not confine him to a sale at his place of business or a sale by sample; but it permits him to sell in any manner which he may deem proper. It permits him to peddle his buggies within that county. Now, the relator must pay at all hazards $250 to the State and $100 in each county, making $350 for doing precisely the same business as the merchant can do by paying a tax of from $3 to $300, according to the amount of his purchases. It will be noted that the relator, to be authorized to peddle buggies in a county, must pay the $350, without regard to the amount of his purchases. Constitution, article 8, section 1, provides: "Taxation shall be equal and uniform.   *   *   * It [the Legislature] may also impose occupation taxes both upon natural persons and upon corporations, other than municipal, doing business in this State." Section 2: "All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax. But the Legislature may by general laws exempt from taxation public property used for public purposes," etc. It may be contended that, as the merchant may not only peddle goods, but also engage in the regular mercantile business, therefore the pursuits are not in conflict, and that they are not the same occupation. This proposition is met by the opinion of Judge Stayton in Pullman Palace Car Company v. State, 64 Texas, 274. This case settles beyond any question the issue involved in the case in hand. Under the law, a merchant can sell any character of merchandise, peddle buggies, etc., in his county; in fact, engage in any mercantile business and peddle the articles named in subdivision 40, without paying as much occupation tax as the peddler of a buggy, washing machine, etc. Now, we can not comprehend how the fact that he could engage in the mercantile business to its fullest extent, as well as the peddling of these articles, without paying as much tax as the relator, would relieve the case of the constitutional prohibition that

"all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax." The judgment is reversed, and the relator discharged.

*Reversed and relator discharged.*