### J. B. Rainey v. The State.

#### No. 2058. Decided November 22, 1899.

#### Cotton Buyer—Occupation Tax—Constitutional Law.

Section 38 of article 5049 of Acts Called Session Twenty-fifth Legislature, page 54, levying an occupation tax upon cotton buyers, is unconstitutional in that it is in violation of sections 1 and 2 of article 8 of the Constitution and section 3 of the Bill of Rights, said occupation tax not being equal and uniform. Following Ex Parte Jones, 38 Texas Criminal Reports, 482.

Appeal from the County Court of Red River. Tried below before Hon. R. H. Wells, County Judge.

Appeal from a conviction of pursuing the occupation of a cotton buyer without having paid the tax and procured a license; penalty, a fine of $20.

Defendant filed exceptions to the indictment, (1) because it did not negative the fact that defendant was a merchant; (2) the law under which it was drawn was violative of article 8, sections 1 and 2, of the Constitution. The exceptions were overruled.

No statement necessary.

*J. R. Kennedy*, for appellant, cited Constitution, secs. 1 and 2, art. 8; Ex Parte Jones, 38 Texas Crim. Rep., 482; Ex Parte Overstreet, 39 Texas Crim. Rep., 474.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of pursuing an occupation taxed by law without having first procured a license, and his punishment assessed at a fine of $20, and he appeals.

The only question presented that requires consideration is the constitutionality of the tax levied, under which appellant was convicted. The conviction here was under subdivision 38 of the act of the special session of the Twenty-fifth Legislature. See page 54. Said subdivision reads as follows: "From every cotton buyer, or buyer of wool or hides, ten dollars; provided, that a merchant who pays an occupation tax as herein prescribed shall not be considered a cotton buyer, or buyer of wool or hides." The contention here is that the exemption of merchants from the operation of the tax is in violation of certain provisions of our Constitution, to wit, sections 1 and 2 of article 8 of the Constitution, and section 3 of our bill of rights. We think the contention of appellant is correct. For a full discussion of the question, see Ex Parte Jones, 38 Texas Criminal Reports, 482, followed by Ex Parte Overstreet, 39 Texas Criminal Reports, 474. By reference to subdivision 1 of the occupation tax act of 1897, it will be seen that the tax for pursuing the occupation of merchant may be as low as $3. It would therefore follow that such a merchant, on payment of $3, could pursue the same occupation that a cotton buyer was authorized to follow, but the cotton buyer would be required to pay a tax of $10. This certainly would not be uniform and equal taxation. Pullman Palace Car Co. v. State, 64 Texas, 279. Because the statute under which this conviction was had is unconstitutional, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*