### Charley Poteet v. The State.

No. 2071. Decided November 29, 1899.

**Occupation Tax—Cotton Buyer—Constitutional Law.**

Subdivision 38 of the Act of the Called Session Twenty-fifth Legislature, page 51, imposing an occupation tax upon cotton buyers, is unconstitutional in that it levies a tax which is not uniform, since merchants are expressly exempted from such tax.

Appeal from the County Court of Delta. Tried below before Hon. W. S. Banister, County Judge.

Appeal from a conviction for pursuing the occupation of a cotton buyer without having paid the tax and obtained a license therefor; penalty, a fine of $25.

No statement necessary.

*W. F. Moore* and *Burdett & Connor*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of pursuing the occupation of cotton buyer without obtaining a license for that purpose.

This prosecution is based upon the refusal of appellant to comply with subdivision 38, page 54, Acts First Called Session Twenty-fifth Legislature, imposing an occupation tax upon cotton buyers. By the terms of that statute, every person who buys cotton, wool, or hides shall pay a tax of $10 to the State; provided, "a merchant who pays an occupation tax as herein prescribed shall not be considered a cotton buyer, or buyer of wool or hides." Under subdivision 1 of said act, an occupation tax is levied upon merchants in accordance with the amount of annual purchases, and the tax ranges from $3 to $300. It is contended that said subdivision 38 is unconstitutional, because it makes an exemption of a party who pays an occupation tax as merchant. We believe, under the provisions of sections 1, 2, article 8, of the Constitution, this position is well taken. This question has been discussed fully in Ex Parte Jones, 38 Texas Criminal Reports, 482, and Ex Parte Overstreet, 39 Texas Criminal Reports, 474. Under the provisions of our Constitution, the tax must be equal and uniform; and the Legislature has no authority to exempt a merchant or any other class from the payment of this tax, when it is imposed upon all others. It is no answer that the party pays a tax as a merchant. The two callings are different and distinct. If the Legislature has the authority to exempt a merchant from the payment of the tax, so it would any other class of citizens, and thus impose a burden upon one class from which the others are exempt, and for the same calling or pursuit. The judgment is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*