C. J. Young v. The State.

No. 3974. Decided April 24, 1907.

**Public Road Law—Delinquent Poll Tax—Special Act—Constitutional Law.**

The Act of the Twenty-ninth Legislature of 1905 with reference to delinquent poll taxpayers, construed under the amendment of 1896 of article 8, section 9 of the Constitution with reference to the maintenance of public roads by special or local laws, is held to be constitutional. Following Smith v. Grayson County, 18 Texas Civ. App., 153.

Appeal from the County Court of Ellis. Tried below before the Hon. J. P. Spencer.

Appeal from a conviction for violating public road law as delinquent poll tax payer; penalty, a fine of $4.

The information, after formal averments, alleged that defendant was a delinquent poll tax payer in E County, Texas, and was liable under the law to work upon the public road leading from the town of I, E County, Texas, to the town of M, E County, Texas, in road precinct No. 3 in said county, and was legally summoned to attend and work on said road at a time and place designated by J. H. J., road commissioner for said precinct, to wit on the 22nd day of November, A. D. 1906. And the said C. J. Y. did then and there willfully fail and refuse to attend at the time and place aforesaid and did willfully fail and refuse on or before the day upon which he was summoned as aforesaid to attend, to pay to said road commissioner, road superintendent, or road overseer the sum of $3, against the peace and dignity of the State.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the public road law made specially applicable to Ellis County by the Act of the Twenty-Ninth Legislature of 1905, page 262. By the

provisions of said special act delinquent poll tax payers are required to work the road three days in addition to regular road service required of citizens generally, or pay in lieu thereof $3. The facts upon which appellant was tried are not incorporated in the record. So we shall, therefore, presume the allegations in the complaint and information were proved.

Appellant's insistence here is that it being a special act applicable to Ellis County, said act is violative of article 3, section 56, of the State Constitution, which prohibits the passage of such laws. Viewed from the standpoint of said article and section appellant's contention might be held available and well taken. By the terms of that article, however, it is not to be held in conflict with other provisions of the Constitution relating to these matters. In 1890 article 8, section 9, of the Constitution, was so amended as to include the following: "And the Legislature may pass local laws for the maintenance of public roads and highways without the local notice required for special or local laws." Our Court of Civil Appeals at Dallas, with this identical question before them, held the Legislature had authority, since the amendment of 1890, to pass just such laws as the one under discussion. See Smith v. Grayson County, 18 Texas Civ. App., 153, for a full discussion of the subject, reported also in 44 S. W. Rep., 921. An application for a writ of error was made to the Supreme Court in said case, which was refused. Without reviewing the authorities or reason for the conclusion, we hold in accordance with Smith v. Grayson County that the Legislature had the power under the amendment of article 8, section 9, above quoted, to pass the law in question and that it is not unconstitutional. This is the only question appellant presents for revision.

Finding no error in the record as presented, the judgment is affirmed.

Brooks, Judge, absent.

*Affirmed.*