JESSE BLUITT v. THE STATE.

No. 4080.    Decided June 23, 1909.

**1.—Refusing to Work on Public Road—Constitutional Law.**

The Act of 1897, special laws page 262, chapter 110, entitled an Act to create a more efficient road system for Ellis County and amendments thereto, is authorized under article 8, section 9 of the Constitution of Texas, as amended in 1890, authorizing the Legislature to pass local laws for the maintenance of public roads, etc.

**2.—Same—Suspension of Law.**

Even if said Act provided for its suspension by the commissioners court, it could not be held invalid, as the law could be upheld and the suspension fail.

**3.—Same—Equal and Uniform Taxation.**

Said Act, so far as affected by article 5048, Revised Civil Statutes, does not contravene article 8, section 1 of the Constitution, with reference to equal and uniform taxation; as the Legislature had the right to make the levy applicable to a class, where such classification was uniform and rested on a substantial basis and reason. Following Solon v. State, 54 Texas Crim. Rep., 261. Davidson, Presiding Judge, dissenting.

**4.—Same—Civil Office of Emolument.**

Nor is said Act in question invalid or inhibited by section 40, article 16, of the State Constitution, and does not create another civil office of emolument;

the commissioners themselves being charged by law with the duty of control over public roads.

**5.—Same—Levy of Poll Tax—Delinquent—Practice on Appeal.**

Section 15, Special Laws of the Twenty-ninth Legislature, p. 262, makes any person in Ellis County subject to the payment of a poll tax (whether assessed or not) who shall fail to pay the same on a certain date a delinquent poll taxpayer, and the mere allegation that the conviction is not warranted by the evidence is too general to be considered on appeal.

**6.—Same—Resident of City—Road—Duty—Judicial Knowledge.**

Upon trial of wilfully failing and refusing to work on the public road, etc., the court could not judicially know that the defendant resided in the corporate limits of a town regularly incorporated under the laws of this State.

**7.—Same—Power of Commissioners Court—Incorporated Cities and Towns— Poll Tax.**

Under article 8, section 9, Constitution, as amended in 1890, the Legislature is clothed with authority to pass local laws for the maintenance of public roads and highways, and to give control to the county commissioners court over citizens residing in incorporated cities and towns; and even if it were shown (which it is not) that defendant was summoned to work on a road situated in the corporate limits of a city, this would not be a defense for failure to pay county poll tax. Davidson, Presiding Judge, dissenting.

**8.—Same—Cumulative Punishment.**

There is no constitutional restriction that interferes with the power of the Legislature to pass local county road laws and provide penalties for persons delinquent in paying poll tax or performing road service, and to make the punishment therefor cumulative.

**9.—Same—Levy of Poll Tax—Proof Necessary.**

It can not be assumed that there had been a levy of a poll tax for the time in question in the absence of proof to that effect, or a clear agreement that such levy was made.

**10.—Information—Persons Liable to Road Work—Limitation.**

In a prosecution of wilfully failing and refusing to work upon a public road, etc., it was necessary that the complaint and information allege that the defendant was liable for and defaulted in the payment of the road tax for a year and time within the period of limitation as provided under the laws of this State; and where the information failed to do so it was insufficient.

Appeal from the County Court of Ellis. Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of wilfully refusing to work on the county road; penalty, a fine of $1.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Ellis County with the offense of wilfully failing and refusing, after being legally summoned, to attend and work on a public road, or to pay the sum required under the law.

The validity of the information is vigorously assailed in a well-

prepared motion by counsel for appellant, in which it is claimed, in substance and effect, that the Act of 1897, Special Laws, chapter 110, entitled an Act to create a more efficient road system for Ellis County, together with the amendment thereto of 1905, chapter 30, of said special laws, are void, because contrary to article 1, section 28 of the Constitution of the State of Texas, in that the power suspending the same is vested in the Commissioners Court of Ellis County, Texas. Again, it is urged that said special law is invalid in that same is in conflict with the general laws on the same subject, especially with article 4736, Revised Civil Statutes of the State of Texas, and also that article 5048 of the Revised Civil Statutes is contrary to and inhibited by article 8, section 1, of the Constitution of the State of Texas, in that the taxation levied and prescribed in such article of said statutes is not equal and uniform, in that persons between the ages of twenty-one and sixty years of age are discriminated against by the levy and exaction of a poll tax, which is a prerequisite to the right to vote and a necessary qualification under the Terrell Election Law; and further, that sections 1 and 2 of the Amendatory Act of 1905 chapter 30, of said Ellis County road law, amending chapter CX of said Act of 1897, is contrary to and inhibited by section 40, article 16, of the Constitution of the State of Texas, in that said act undertakes to create and impose on a county commissioner another civil office of emolument than that of county commissioner, which can not be held by one man under the provisions of said constitution above indicated. It is to be regretted that we have not been furnished with a brief on these matters by counsel for appellant, and we are not sure that, from the brief statement of the objections to the act in question, as contained in the motion to quash that we fully grasp, in detail, at least, the grounds upon which the attack rests. It occurs to us, however, that the law is not subject to any of the objections urged.

1. A case very similar to this, which rests practically on the same form of indictment, was decided by this court in the case of Young v. State, 51 Texas Crim. Rep., 366. The particular insistence in that case was that the act applicable to Ellis County was violative of article 3, section 56, of the State Constitution, which prohibits the passage of such laws. The act, however, was upheld as being authorized by article 8, section 9, of the Constitution as amended in 1890, which is as follows: "And the Legislature may pass local laws for the maintenance of public roads and highways without the local notice required for special or local laws." This view was upheld by the Court of Civil Appeals of the Fifth Judicial District, in the case of Smoth v. Grayson County, 18 Texas Civ. App., 153.

2. We think that the act in question is not invalid, in that same contravenes article 1, section 28 of the Constitution, because, as claimed, the power of suspending the law is vested in the Commissioners Court of Ellis County, Texas. If it could be held that any such power of suspension was given in the law, we should not declare the

law invalid for this reason, but hold that the power of suspension therein undertaken to be created was itself invalid, and the law would stand and the suspension fail.

3. It can not be held, we think, that, so far as affected by article 5048 of the Revised Civil Statutes, that the law is contrary to and inhibited by article 8, section 1 of the Constitution, in that the burden of working the road is to be construed and tested as if it were taxation levied and prescribed in said article of the statute, and not equal and uniform, for that persons between the ages of twenty-one and sixty years of age are discriminated against by the levying and exaction of a poll tax. We held, in the case of Solon v. State, 54 Texas Crim. Rep., 261; 114 S. W., 349, that the law levying a poll tax was not invalid for this reason: That the Legislature had the right to make the levy applicable to a class where such classification was uniform and rested on a substantial basis and reason. The matter is fully discussed in the case above referred to, and requires no further elaboration.

4. Nor do we think that the act in question is invalid. or inhibited by section 40, article 16 of the Constitution, in that said act undertakes to create and impose on a county commissioner another civil office of emolument, which appellant claims can not be held by one man under the provisions of the Constitution. The Commissioners Court and the commissioners themselves are charged by law with the duty, authority and obligation of giving attention to all matters affecting public roads in their respective counties, and the duties imposed on the commissioners of Ellis County by this act come reasonably and seasonably within the general scope of their duties under the law.

5. In addition to the grounds urged why the indictment should be held invalid, appellant's motion for a new trial is in these words: "In the alternative defendant says that the judgment of conviction in this case is not warranted by the evidence. That the State failed to prove that a poll tax had been levied against the male citizens, for any year, in Ellis County, Texas." We are not sure that it is intended by this motion to allege that the judgment of conviction is invalid for any other reason than that the State failed to prove that a poll tax had been levied in Ellis County. The mere allegation that the judgment of conviction is not warranted by the evidence would be so general as that we would not be required to pass on same. If, however, we should do so, it does not seem that there are any valid reasons why the judgment should be set aside. Section 15 of the Special Laws of the Twenty-Ninth Legislature, page 262, contains the following provision: "Any person in Ellis County subject to the payment of a poll tax (whether assessed or not) who shall fail to pay same on or before the first day of February thereafter shall be a delinquent poll-tax payer, and shall be subject to road duty for a period of three days during the year, and they shall be summoned by the road commissioner, road superintendent, road overseer, or any person appointed by the road com-

missioner to work the road, and shall be liable to road duty in the road district where they reside, or to any road district to which they may be assigned by the Commissioners Court; and any delinquent poll-tax payer who resides in any city or town shall be assigned to work on some road leading into said city or town. And it is made the duty of the tax collector, as soon as practicable after the first day of February, and before the first day of May thereafter, to make out and give to the Commissioners Court a complete list of all delinquent poll-tax payers for the previous year, with their residence, as shown in said collector's office. And each of said delinquent poll-tax payers shall be subject to road duty in the road district where he lives, or to any road district to which he may be assigned by the Commissioners Court. The performance of the road service provided for in this section shall not exempt a person from any other road duty to which he is subject. And any person, when liable to work the roads and summoned for that purpose under this section, who shall fail to appear and perform the work required, shall be subject to the same punishment as in other cases of failing to appear or do good work on the roads, and when convicted shall satisfy the fine and costs, as in other misdemeanor convictions; but any person who may become liable to road duty as a delinquent poll-tax payer, when summoned, may satisfy said summons and be relieved from road duty by paying to the road commissioner, superintendent or road overseer, the sum of three dollars, to be accounted for as other road money." If it is urged that the conviction can not be sustained for the reason that appellant was a resident of the city of Ennis, which had been regularly incorporated under the laws of this State, over whose streets and alleys the county would have no control, it would be a sufficient answer to say that the only suggestion in the statement of facts raising this is the following, contained in the statement of facts: "Defendant resided in the corporate limits of Ennis, Ellis County, Texas, in 1904, 1905, 1906, and up to September, 1907. Since said last date he has been employed in the oil mill at Corsicana, Texas, and that he paid street tax in Ennis. It is a well settled rule that the courts can not judicially know that towns, even county seats of counties, are incorporated towns. Patterson v. State, 12 Texas Crim. App., 222; Temple v. State, 15 Texas Crim. App., 304; Sipe v. Holloday, 66 Ind., 4; 7 Cyc. of Evidence, p. 1022. Again, it is not shown by any evidence that any part of the road which appellant was summoned to work was situated in the corporate limits of the city of Ennis, if, indeed, we might assume that such city was incorporated. Again, it is our opinion that, under the constitutional provision, article 8, section 9, as amended in 1890, by which the Legislature is clothed with authority to pass local laws for the maintenance of public roads and highways, it is competent for the Legislature to give control to the County Commissioners Court over citizens residing in incorporated cities and towns. This provision of the Constitution is sweeping and

unrestricted, and we are not aware of any limitation on this authority in other parts of the Constitution. The special law quoted in terms applies to residents of cities and towns. The decisions of our courts, in respect to offenses for failing to work the public road, have no sort of application. Such were the cases of State v. Jones, 18 Texas, 874; also Ex parte Roberts, 28 Texas Crim. App., 43. Here the offense consists in the failure to pay the poll tax when the citizen is subject to such payment. In this poll tax the county would be interested. It is competent for the Legislature to attach a penalty to its payment in money, which will inure to the benefit of the county, or, if it saw proper, as it has done, to attach a penalty of road duty for three days, or any other reasonable time. We call attention also to the fact that this punishment was intended to be cumulative, as evidenced by the following provision of the law in question: "The performance of the road service provided for in this section shall not exempt a person from any other road duty to which he is subject." There is no decision in this State or elsewhere that militates against these facts. There is no constitutional restriction that interferes with the power of the Legislature to pass, on behalf of any county or all the counties in the State, such a law as has been passed, presumably on their demand, for the benefit of the citizens of Ellis County. We are unwilling to strike down and nullify this law by remote analogies, or under the pretense of some constitutional restriction that has no existence in fact.

6. Appellant also contends that the State had failed to prove that a poll tax had been levied against the male citizens of Ellis County for any year by the proper authorities. There seems to be some merit in this contention. The only proof touching this matter is the following sentence contained in the agreed statement of facts: "Defendant was correctly assessed for a poll tax in 1905, for said year, by the tax assessor of Ellis County, Texas, as shown by the tax rolls of said county." Admission was also made that appellant did not pay any State or county poll taxes in 1905 or 1906. From these admissions it is urged by the State that, of necessity, it is implied and admitted that a poll tax had been levied for the years named. While a strong inference to this effect might arise from the admission contained in the record, it is not, in the absence of proof to that effect, to be assumed that there had been a levy in the absence of a clear agreement to this effect, and in this respect we think the proof and evidence on another trial should be strengthened.

7. Finally, we think the case must be reversed and dismissed on account of the insufficiency of the complaint and information. The charging part of same is as follows: ". . . . In the county of Ellis, State of Texas, Jesse Bluitt was a delinquent poll-tax payer in Ellis County, Texas, and was liable under the law to work upon the public road leading from the city of Ennis to the village of Ensign, called the Ennis and Ensign road, in road district No. 2 in said county, and was legally summoned to attend and work on said road, at

a time and place designated by A. N. Thomas, road commissioner, for said district, to wit: On the 17th day of January, A. D. 1907. And the said Jesse Bluitt did then and there wilfully fail and refuse to attend at the time and place aforesaid, and did wilfully fail and refuse, on or before the day upon which he was summoned as aforesaid to attend, to pay to the said road commissioner, road superintendent or road overseer, the sum of three dollars." Appellant moved to quash this complaint and information for the following reasons:

"Because it does not appear therefrom that defendant was liable to road duty for and during a period of time of three days prior to January 17, 1907; and because said affidavit and complaint are vague, indefinite and uncertain, and charge no offense against the laws of Texas." It will be noted, by a careful examination of this complaint and information, that same do not state for what year appellant was liable under the road law to work upon the public roads of Ellis County. In order to sustain a conviction, it must and should have been alleged that he was liable for, and in default of, the payment of a tax for a year, and time within the period of limitation provided under the laws of this State. This the complaint does not do.

We have, in view of the importance of this matter to the people of Ellis County, and out of deference and respect to the well-considered motion of appellant, gone somewhat thoroughly into the matter, so as to make the opinion, as far as may be, full and conclusive on the questions urged, though it is to be regretted that we have not had the benefit of any brief or argument on behalf of appellant.

For the error pointed out the judgment of conviction is set aside and the prosecution ordered dismissed.

*Reversed and dismissed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I agree with my brethren in reversing and dismissing the prosecution. I think that portion of the majority opinion is correct. In the disposition of some of the other questions I can not concur. The evidence discloses that appellant lived within the corporate limits of Ennis, in Ellis County. This residence included the years 1904, 1905 and 1906, and up to September, 1907, since which time he has resided in the city of Corsicana, in Navarro County. During the years mentioned he paid street tax in Ennis required under the charter and by-laws and regulations of that town. It was sought during this time to require him to work upon the public roads of the county. These roads, of course, were outside of the corporate limits of the city of Ennis. This he declined to do, and for this failure this prosecution was brought. Those who reside in incorporated towns and cities are not required, nor can they be forced, to work upon public roads of the county. Their duty in this respect is to work the streets or pay street tax, either or both, required of him as a resident of the incorporated town. The county has control of the public roads, but towns and cities have control of the streets. The county

has no authority over the streets of an incorporated town, nor has the county any authority to summon or require work of those who reside in such incorporated towns to work upon county roads. The county and the cities and towns are municipalities independent of each other, each being supreme within its own jurisdiction and political sphere. The county can not assume jurisdiction of the streets, nor can the city assume jurisdiction of the county roads. They are municipal bodies entirely separate and distinct from a political standpoint, each governed by such laws as the Legislature under constitutional authority may enact or authorize. Such has been the legal and judicial history of Texas. This question first came in the case of State v. Jones, 18 Texas, 874. It was again decided by the Supreme Court in Norwood v. Gonzales County, 79 Texas, 218. The Jones case, *supra,* has been followed by the Appellate Courts of this State in all the decisions. There have been several cases decided by the Court of Appeals and Court of Criminal Appeals. Ex parte Roberts, 28 Texas Crim. App., 43. I deem it unnecessary to collate these, as all the decisions are harmonious, not even broken by a dissent. This is also the rule in other states. Nelson v. Garfield, 6 Colo. App., 279; Gallaher v. Head, 72 Iowa, 173; 21 Iowa, 418. For the first time in the history of Texas a majority of the court in this case holds that the residents of an incorporated city or town can be compelled to work on the county roads. This is evidently erroneous. If my brethren are correct, then the residents of cities and towns could not only be required to pay taxes levied and collected for the purpose of keeping up the streets, as well as working on said streets, but they would be required as well to go out into the county and work the public roads, thereby being burdened with onerous double duties. I do not care to follow this question it is so obviously incorrect.

There are other questions in the case to which I do not agree, one of which I will mention. My brethren hold that the Legislature is authorized to levy three dollars poll tax for road purposes in Ellis County, being a special law of that county. The Constitution requires payment of poll tax as a prerequisite to the right of suffrage. This conclusion of the majority of the court seems to be upon the idea that the Legislature has a right to classify voters, as was held by the majority in the case of Solon v. State, 54 Texas Crim. Rep., 231; 114 S. W., 349. The Solon case is made the authority for this decision. I can not agree that the right of suffrage is an occupation, or that a poll tax may be classified, for the Constitution, in regard to the right of suffrage, places every man who is authorized to vote upon the same plane. Under the Solon case, and the decision in this case, voters would be required to pay as a county tax in Ellis County—not a State tax—very considerably more than in other counties. I can not believe this is correct under our Constitution. I therefore respectfully enter my dissent.