### Ex PARTE J. C. BLAIR.

No. 8396.   Decided March 12, 1924.

Rehearing denied April, 1924.

**1.—Occupation Tax—Amusements—Constitutional Law.**

Where the Act of the Thirty-Eighth Legislature Third Called Session, Chapter Sixth, page 161, amending the Revised Civil Statutes relative to

occupation tax on owners of amusements is discriminatory in that it levies a tax upon traveling shows, but relieves from taxation the same character of shows if their exhibitions are given in regularly established theatres, the same is unconstitutional, and relator must be discharged. Following: Hoefling v. City of San Antonio, 85 Texas, 228, and other cases.

### 2.—Same—Constitutional Law—Equal and Uniform Taxation.

The contention that the Act in question is obnoxious to section two Article Eight of the state constitution requiring equal and uniform taxation upon the same class of subjects must also be sustained.

Appeal from the County Court of Johnson County. Tried below before the Honorable O. B. McPherson.

Appeal from a conviction of the violation of the Occupation Tax Act; penalty, a fine of $37.50.

The opinion states the case.

*J. W. Thomas,* for appellant. Cited cases in opinion.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State, and *Strickland & Seagler,* for the State. Cited Texas Co. v. Stephens, 100 Texas, 640; Pullman Company v. State, 64 id., 234; Camp v. State, 135 S. W. Rep., 146; Ex Parte Overstreet, 46 S. W. Rep., 825, and cases stated in opinion.

HAWKINS, Judge.—The Thirty-eighth Legislature at its third called session in Chapter 6, page 161, passed an Act amending the revised civil statutes relative to "occupation tax on owners of amuse· ments," and therein fixed a graduated tax on theatrical or dramatic shows travelling from place to place, basing the tax in part upon the population of the cities in which their entertainments were given. Section 2 of said Act reads as follows:

"Provided, however, that nothing in this Act shall be construed to impose a tax upon traveling shows giving exhibitions for private profit in *regular* established theatres subject to an occupation tax under this Act."

Prosecution was commenced against appellant for a failure to pay his occupation tax under the amended statute. An application for writ or habeas corpus was presented to the county judge of Johnson County, the prosecution having been filed in the County Court of said county. The writ was granted and after a hearing thereunder appellant was remanded to the custody of the sheriff and appeals from such judgment.

The law in question is attacked upon the ground that it is discriminatory in that it levies a tax upon traveling shows, but relieves from taxation the same character of shows if their exhibitions are given in regularly established theatres. We do not think it necessary to discuss the matter at great length. The exact question was before the

Court of Civil Appeals of the 5th Supreme Judicial District of Texas in the case of Guy Burt Davis, et al., v. Fred White, Tax Collector of Navarro County, and in an opinion handed down by that court on February 23, 1924, appellant's contention was sustained. We quote from that opinion as follows:

"The act of the legislature under consideration purports in general terms to levy the occupation tax on all travelling shows of the kind described in sections one and two, but it does not do so, in that, it exempts from the operation of the law, shows that exhibit in regularly established and licensed theatres.

"This, in our opinion, is a capricious, arbitrary classification, and without good reason for the difference. The show is the same, whether exhibited in a licensed theatre or elsewhere, . . . the difference seized upon by the legislature as a justification for the classification is not a difference in the shows, but in the places of exhibition."

The cases of Rainey v. State, 53 S. W. Rep., 882, Poteet v. State, 53 S. W. Rep., 869; Ex parte Overstreet, 46 S. W. Rep., 825; Hoefling v. City of San Antonio, 85 Texas 228 are relied upon by that court as supporting its opinion. We regard them as pertinent and decisive of the question.

Regarding the Act in question as obnoxious to Section 2, Article 8 of the State Constitution requiring equal and uniform taxation upon the same class of subjects, the contention of appellant must be. sustained. The judgment remanding relator is reversed and he is ordered discharged.

*Relator discharged.*

[Reached Reporter's hands April, 1924. Reporter.]