## Ex parte BLAIR. (No. 8396.)

(Court of Criminal Appeals of Texas. March 12, 1924. State's Rehearing Withdrawn April 16, 1924.)

Licenses ⬤⇒7(3)—Statute imposing tax on traveling shows held discriminatory and invalid.

Acts 38th Leg. 3d Called Sess. (1923) .c. 6, relative to an occupation tax on owners of amusements, and fixing a tax on traveling shows, but providing (section 2) that the act should be inapplicable to traveling shows giving exhibitions in regularly established theaters subject to an occupation tax, *held* discriminatory and invalid, under Const. art. 8, § 2.

Appeal from Johnson County Court; O. B. McPherson, Judge.

Application for writ of habeas corpus by J. C. Blair. From a denial of the writ, he appeals. Reversed, and applicant ordered discharged.

J. W. Thomas, of Belton, for appellant.
Strickland & Seagler, of San Antonio, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., for the State.

HAWKINS, J. The Thirty-Eighth Legislature, at its third called session, in chapter 6, page 161, passed an act amending the Revised Civil Statutes relative to "occupation tax on owners of amusements," and therein fixed a graduated tax on theatrical or dramatic shows traveling from place to place, basing the tax in part upon the population of the cities in which their entertainments were given. Section 2 of said act reads as follows:

"Provided, however, that nothing in this act shall be construed to impose a tax upon traveling shows giving exhibitions for private profit in *regular* established theaters subject to an occupation tax under this act."

Prosecution was commenced against appellant for a failure to pay his occupation tax under the amended statute. An application for writ of habeas corpus was presented to the county judge of Johnson county; the prosecution having been filed in the county court of said county. The writ was granted, and after a hearing thereunder appellant was remanded to the custody of the sheriff, and appeals from such judgment.

The law in question is attacked upon the ground that it is discriminatory, in that it levies a tax upon traveling shows, but relieves from taxation the same character of shows, if their exhibitions are given in, regularly established theaters. We do not think it necessary to discuss the matter at great length. The exact question was before the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas in the case of Guy Burt Davis et al. v. Fred White, Tax Collector of· Navarro County, 260 S. W. 138, and in an opinion handed down by that court on February 23, 1924, appellant's contention was sustained. We quote from that opinion as follows:

"The act of the Legislature under consideration purports in general terms to levy the occupation tax on all traveling shows of the kind described in sections 1 and 2, but it does not do so, in that it exempts from the operation of the law shows that exhibit in regularly established and licensed theaters.· This, in our opinion, is a capricious, arbitrary classification,

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and without good reason for the difference. The show is the same, whether exhibited in a licensed theater or elsewhere. The difference seized upon by the Legislature as a justification for the classification is not a difference in the shows, but in the places of exhibition."

The cases of Rainey v. State, 41 Tex. Cr. R. 254, 53 S. W. 882, 96 Am. St. Rep. 786, Poteet v. State, 41 Tex. Cr. R. 268, 53 S. W. 869, Ex parte Overstreet, 39 Tex. Cr. R. 474, 46 S. W. 825, and Hoefling v. City of San Antonio, 85 Tex. 228, 20 S. W. 85, 16 L. R. A. 608, are relied upon by that court as supporting its opinion. We regard them as pertinent and decisive of the question. Regarding the act in question as obnoxious to section 2, art. 8, of the state Constitution, requiring equal and uniform taxation upon the same class of subjects, the contention of appellant must be sustained.

The judgment remanding relator is reversed, and he is ordered discharged.