EX PARTE W. O. WALKER.

No. 14966.  Delivered April 20, 1932.
Rehearing Denied June 15, 1932.
Reported in 52 S. W. (2d) 266.

The opinion states the case.

*Duvall & Dawson,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The question presented is whether the appellant can be held a violator of the law by reason of his operating a coin-vending machine, as defined in subdivision 23 of section 1 of chapter 212, General Laws of the 42d Legislature, Regular Session (Vernon's Ann. Civ. St., art. 7047, sub. 23), in which there is imposed an occupation tax upon the operation of such vending machines. In the act it is said: "From every owner, manager, or exhibitor of every coin operated phonograph, electrical piano, electrical battery, graphophone, weighing machines, target pistol, miniature golf machine, miniature football machine, miniature baseball machine, miniature race track stereoscopic machine, gum machine, candy machine, cigarette machine, handkerchief machine, sandwich machine * * * which is operated by coins or metal slugs or tokens similar to coins, where such fee is in excess of Five (5) Cents, an annual tax of Ten Dollars ($10.00), on each machine; where such fee is Five (5) Cents, an annual tax of Five Dollars ($5.00) on each machine, and where such fee is One (1) Cent, an annual occupation tax of One ($1.00) Dollar for each machine. * * * provided that the provisions of this subdivision shall not apply to pay telephones and gas meters which are operated by coins."

The effect of this statute is to impose an occupation tax upon all persons engaged in the business mentioned, that is, as owners, managers or exhibitors of coin-vending machines.

Appellant asserts that the clause exempting pay telephones and gas meters offends against the constitutional requirement demanding that taxes be equal and uniform upon the same class of subjects. See Constitution, art. 8, secs. 1 and 2. The reported decisions of this state, both civil and criminal, are replete with illustrations of instances in which the principle stated has been violated. Many of them are cited by the appellant, notably: Ex parte Blair, 97 Texas Crim. Rep., 103, 260 S. W.,

1044; Davis v. White (Texas Civ. App.), 260 S. W., 138; Ex parte Woods, 52 Texas Crim. Rep., 575, 108 S. W., 1171; Poteet v. State, 41 Texas Crim. Rep., 268, 53 S. W., 869; Rainey v. State, 41 Texas Crim. Rep., 254, 53 S. W., 882; Ex parte Overstreet, 39 Texas Crim. Rep., 474, 46 S. W., 825; Hoefling & Son v. City of San Antonio, 85 Texas, 228, 20 S. W., 85; Pullman Palace Car Co. v. State of Texas, 64 Texas, 274, 53 Am. Rep., 758.

An examination of the precedents mentioned will demonstrate that in each instance they rest upon the fact that there was an effort to levy an unequal tax upon occupations of the same class.

It is conceived that the sole question involved in this appeal is whether the business pursued by the appellant is fundamentally of the same class as that named in the exception. It is within the legislative authority to levy an occupation tax upon operators of slot machines and upon telephone and gas companies. In the present instance, a lump sum as an annual occupation tax is fixed upon operators of coin-vending slot machines. Against telephone and gas companies there is levied by law a gross-receipts tax. That a gross receipts tax is in fact an occupation tax has often been declared by the Supreme Court of this state. See State v. Galveston H. & S. A. Ry. Co., 100 Texas 153, 97 S. W., 71; The Texas Company v. Stephens et al., 100 Texas, 628, 103 S. W., 481; Bluitt v. State, 56 Texas Crim. Rep., 525, 121 S. W., 168; Houston B. & T. Ry. Co. v. State, 108 Texas, 314, 192 S. W., 1054; Ex parte Hutsell, 78 Texas Crim. Rep., 589, 182 S. W., 458.

From the opinion of the Supreme Court in the case of The Texas Company v. Stephens, supra, the following quotation is taken: "The very language of the Constitution of the State implies power in the Legislature to classify the subjects of occupation taxes and only requires that the tax shall be equal and uniform upon the same class."

From the same opinion we quote further as follows: "Persons who, in the most general sense, may be regarded as pursuing the same occupation, as, for instance, merchants, may thus be divided into classes, and the classes may be taxed in different amounts and according to different standards. Merchants may be divided into wholesalers and retailers, and, if there be reasonable grounds, these may be further divided according to the particular classes of business in which they may engage. The considerations upon which such classifications shall be based are primarily within the discretion of the Legislature. The courts, under the provisions relied on, can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the business classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature. This is the rule in apply-

ing both the State and Federal Constitutions, and it has been so often stated as to render unnecessary further discussion of it."

By article 7070, Revised Statutes of 1925, telephone companies are required to pay to the state treasurer an occupation tax equal to one and one-half per cent of the gross receipts, which gross receipts are required to be embraced in a report filed with the state comptroller quarterly by the telephone companies.

By article 7060, R. S., 1925, gas companies are required to pay an occupation tax of one and one-half per cent of the gross receipts, as shown by the quarterly reports filed with the state comptroller.

An ad valorem tax is levied against all property. The fact that the payment of such tax has been made has no bearing upon the right of the Legislature to classify subjects and impose thereon an occupation tax. Pullman Palace Car Co. v. State of Texas, 64 Texas, 274, 53 Am. Rep., 758. The statute imposing the rendition and payment of a quarterly tax on the gross receipts of the telephone and gas companies is equivalent to an occupation tax. It is a tax laid for the privilege of conducting the business in which the companies are engaged. See State of Texas v. Galveston H. & S. A. Ry. Co., 100 Texas, 153, 97 S. W., 71. The law levying the gross receipts tax which, as stated above, amounts to an occupation tax, is a recognition by the Legislature that the gas and telephone companies are conducting their business in a different class from those operating slot machines and mentioned in the article of the statute quoted above. Therefore, the exemption from the payment of the same occupation tax laid upon slot machines is not an unlawful discrimination against the operators of the slot machines in favor of the telephone and gas companies.

The foregoing conclusion is in harmony with that reached by the Court of Civil Appeals for the Second District of Texas, at Fort Worth, in the case of L. P. Card, Tax Collector, v. C. F. Souter et al., No. 12,-720, ___ S. W. (2d) ___, appealed from the district court of Tarrant county, in which the subject was treated with some degree of elaboration and reference made to many precedents.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we erred in reaching the conclusion that the law under which he is being prosecuted is not in violation of article 8, section 2 of the Constitution of Texas. In support of his contention appellant seems to place chief reliance on Pullman Palace-Car Co. v. State of Texas, 64 Texas, 274, 53 Am. Rep., 758, and sets out in his motion excerpts from the opinion in that case. Considering that opinion in its entirety, as having

reference to the facts there dealt with, and in connection with other authorities cited in our original opinion, we do not think the opinion mentioned is out of harmony with the conclusion announced by us.

The motion for rehearing is overruled.

*Overruled.*