EX PARTE I. W. TURNER.

No. 15752.    Delivered December 21, 1932.
Reported in 55 S. W. (2d) 833.

The opinion states the case.

*J. C. Duvall* and *A. W. Dawson,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Relator was arrested upon a charge of operating a coin vending machine for selling cigarettes without having paid the occupation tax provided for in chapter 212, Acts Regular Session, 42nd Legislature, page 355. The prosecution was lodged under the provisions of subdivision 23 of the act in question. By habeas corpus proceeding before the Honorable David McGee, judge of the county court at law No. 1 of Tarrant county, Texas, relator sought release from arrest, attacking subdivision 23 of the act in question on the ground that it violated section 35, of article 3 of the Constitution of the State of Texas. Upon a hearing, relator was remanded by order of the trial judge, and presents the question here by appeal.

This same subdivision 23 of the act in question was before this court in Ex parte Walker, 52 S. W. (2d) 266, and was sustained against an attack on the ground that it was rendered inoperative by reason of excepting from the provision of said subdivision pay telephones and gas

meters which were operated with coins. The point now presented for consideration was not raised in Walker's case, nor was it in any way called to the attention of the court.

Section 35, article 3 of our State Constitution reads as follows: "No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The act of the Regular Session of the 42nd Legislature (chapter 212, page 355) purports to amend certain subdivisions (designating them by numbers) of article 7047 of the Revised Civil Statutes of 1925, one of such designated subdivisions being 23. When we go to the Revised Civil Statutes of 1925, we find that subdivision 23 of article 7047 relates to an occupation tax on certain kinds of shows and reads as follows:

"From each owner, manager or keeper of every panorama or view show, used for profit, exhibiting in a wagon, room, tent or elsewhere, an annual occupation tax of ten dollars and a county occupation tax of two dollars per annum. A panorama or view show is a show exhibiting pictures, statuary or other works of art which are to be viewed through stereoscopic or magnifying lenses."

. It will be noted that nothing appears in the quoted subdivision with reference to coin vending machines or the operators thereof. It deals with an entirely different subject. Subdivision 23 of the amendatory act (chapter 212 of the Acts 42nd Legislature), makes no reference to anything contained in original subdivision 23 of article 7047, and is in no way germane to anything contained in said subdivision but relates to an entirely different matter. The amended subdivision 23 reads as follows: "From every owner, manager, or exhibitor of every coin operated phonograph, electrical piano, electrical battery, graphophone, weighing machines, target pistol, miniature golf machine, nimiature baseball machine, miniature race track stereoscopic machine, gum machine, candy machine, cigarette machine, handkerchief machine, sandwich machine, or any other class or kind of machine, whether enumerated or not, where a fee is charged, which is used for the purpose of amusement, entertainment or for vending commodities, merchandise, confections, or service of any kind and which is operated by coins or metal slugs or tokens similar to coins, where such fee is in

excess of Five (5) Cents, an annual tax of Ten Dollars ($10.00), on each machine; where such fee is Five (5) Cents, an annual tax of Five Dollars ($5.00), on each machine; and where such fee is One (1) Cent, an annual occupation tax of One ($1.00) Dollar for each machine, provided that the provisions of this subdivision shall not apply to pay telephones and gas meters which are operated with coins. It shall be unlawful to operate, show or exhibit any of the machines or instruments covered by this subdivision without having annexed or attached thereto where same is plainly visible, the tax receipt covering such machine or instrument for the current year for which same is operated, shown or exhibited."

The caption of chapter 212, Acts 42nd Legislature, is as follows: "An Act amending Subdivisions 4, 6, 7, 8, 9, 10, 12, 15, 23, 24, 25, 26, 27, 31, 32, 35, and 37 of Article 7047, of the Revised Civil Statutes of 1925; and adding Subdivisions 39, 40a, 41, 42, 43, and 44, to Article 7047, the latter imposing occupation taxes on certain persons who are dealers in cigarettes, who produce sulphur, who distribute, sell and/or use cement as herein provided, and who engage in the other occupations enumerated herein; and providing for the time and manner of collection thereof; providing for the issuance and display of receipts, and for forfeiture thereof; providing for the adoption of rules and regulations, and generally for the enforcement hereof; making exceptions; prescribing offenses, fines, penalties and punishment; providing for the making of reports and keeping of records and fixing of liens; and making an appropriation; allocating certain funds; and declaring an emergency."

That portion of the caption reading "the latter imposing occupation taxes on certain persons who are dealers in cigarettes," appears to have reference to subdivision 39 of article 7047, Revised Civil Statutes of 1925, which deals with occupation taxes on cigarette dealers, and which subdivision 39 seems to have been re-enacted in chapter 212, Acts 42nd Legislature. There is no mention in the caption of a purpose to impose an occupation tax on operators of coin vending machines generally including those for selling cigarettes. One reading the caption and observing that it purports to amend subdivision 23 would, by reference to that subdivision of article 7047, be led to believe that the proposed amendment related to occupation taxes on "panorama or view shows," which subjects are nowhere mentioned in either the amended subdivision 23 or elsewhere in said chapter 212, Acts 42nd Legislature.

The identical question here presented, but regarding another statute, was before this court in the case of Katz v. State, 54 S. W. (2d) 130, original opinion delivered October 19, 1932, motion for rehearing overruled November 23, 1932, in which the contention of relator here made was upheld. The subject was exhaustively treated in the original opinion in the Katz case and the authorities supporting the conclusion there reached were cited and reviewed. We feel that it is unnecessary to again go into the subject at length, but content ourselves with a statement of what occurred in the attempted legislation in the present instance.

Giving application to the principles recognized as controlling in Katz v. State, supra, we are forced here to hold that sub-division 23, as found in chapter 212, Acts 42nd Legislature, Regular Session), contained new sugstantive matter not germane or pertinent to that contained in subdivision 23 of article 7047, Revised Civil Statutes of 1925, and that said amended subdivision is legislation upon a subject not expressed in the caption to the act, and therefore void.

The judgment remanding relator is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*